## ATCHISON, T. & S. F. RY. CO. v. WASHINGTON.

No. 26204. April 21, 1936.

522

Rainey, Flynn, Green & Anderson and Biddison, Campbell & Biddison, for plaintiff in error.

George E. Croom, John V. Beveridge, and Burnes McCain, for defendant in error.

CORN, J. The defendant in error, J. W. Washington, filed this action against the Atchison, Topeka & Santa Fe Railway Company for damages for personal injury as the result of a fall which he sustained while putting fuel oil in the tank of one of its locomotives. The parties will be referred to as they appeared in the trial court.

On the 30th day of March, 1932, the case was tried to a jury before the Honorable Owen Owen, judge of the district court of Tulsa county, and a demurrer of the defendant was by him sustained to the plaintiff's evidence and judgment rendered in favor of the defendant railway company. Motion for new trial was filed by the plaintiff within due time, and the trial judge died without passing upon this motion. Thereafter the Hon. Thomas D. Lyons was appointed to succeed the Hon. Judge Owen as district judge, and on the 1st day of September, 1934, he overruled the motion for new trial, and the plaintiff gave notice of appeal to the Supreme Court and was allowed 90 days to make and serve case-made and with further time allowed for the suggestion of amendments and settlement as provided by law. On the 18th day of September, 1934, plaintiff filed a motion to set aside the order overruling plaintiff's motion for new trial.

On the 6th day of October, 1934, and upon hearing on this motion, the court further entered an order that:

"The court being well advised in the premises finds that said motion should be sustained.

"It is therefore considered, ordered, adjudged and decreed by the court that the motion for an order setting aside the previous order of this court overruling a motion for new trial be and it is hereby sustained, to which ruling of the court the defendant excepts and its exception is hereby noted.

"It is further ordered by the court that said motion for a new trial be placed for hearing on the next motion docket of said court."

On the 3rd day of January, 1935, the court made a further order sustaining plaintiff's original motion for new trial, and the defendant railway company has appealed to this court, contending that after the motion for new trial had been overruled at a term of the court subsequent to the term at which the judgment had been rendered, the trial court lacked jurisdiction to vacate the order overruling motion for new trial and upon reconsideration to grant a new trial.

During the time the hereinafter enumerated and discussed proceedings were had, the provisions of the 1931 Oklahoma Statutes pertaining to the terms of court for Tulsa county were in full force and effect. Section 3832 of said statutes prescribed that the terms of court for Tulsa county should begin on the first Mondays in March, June, and November.

The record discloses the following orders were made with reference to granting a new trial.

(1) March 19, 1934, motion for new trial submitted, matter continued for submission of briefs.

(2) September 1, 1934, motion for new trial overruled.

(3) September 18, 1934, motion filed to vacate order overruling motion for new trial.

(4) October 6, 1934, motion sustained and order entered setting aside previous order overruling motion for new trial.

(5) January 3, 1935, motion for new trial sustained and order entered granting new trial.

It is plain from the foregoing that the order overruling the motion for a new trial, the motion to vacate the order overruling a motion for a new trial, and the order vacating and setting aside the order overruling motion for new trial all occurred during the June, 1934, term of court.

When the June, 1934, term ended, plaintiff's motion for new trial was pending, and during the November, 1934 term (January 3, 1935), the court sustained plaintiff's motion for new trial.

Since no term had intervened between the order overruling motion for new trial and the order vacating the same, the authorities cited and relied on by defendant are not in point.

The court in the instant case passed on the motion for new trial and granted the same

all during one term. This it had authority to do under the following decision: Barnes et al. v. Bruce et al., 63 Okla. 270, 165 P. 405, and cases cited therein.

This court in Barnes v. Bruce, supra, quoting from Philip Carey Co. v. Vickers, 38 Okla. 643, 134 P. 851, said:

"It is a general rule of law that all the judgments, decrees, or other orders of the court, however conclusive in their character, are under the control of the court which pronounces them during the term at which they are rendered or entered of record, and may then be set aside, vacated, or modified by the court."

When the order in the instant case setting aside the order overruling the motion for new trial was entered, the status of the case was the same as if the motion for a new trial had never been presented, heard, or passed upon, and the court had authority to pass upon said motion at a term subsequent to the filing thereof.

This action is brought under and governed by the applicable provisions of what is commonly termed the Federal Employers' Liability Act (Act of April 22, 1908, c. 149, 35 Stat. 65, secs. 1, 3, 4, and sec. 6, as amended, U. S. C., title 45, secs. 51, 53, 54, 56), establishing the rights, obligations, and liabilities of common carriers by railroad while engaged in interstate commerce for injuries received by their employees while employed by such carriers in such commerce. Section 51 provides, in substance, that the employer shall be liable to such injured employee:

"* * * for such injury * * * resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier. * * *"

Section 53, with reference to contributory negligence of such employee, provides:

"* * * The fact that the employee may have been guilty of contributory negligence shall not bar a recovery, but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employee. * * *"

Briefly stated, the plaintiff testified in substance that he was an employee of the defendant railroad company and had been working for said company as an engine hostler, whose duty it was to fill the lubricators, sand the engines, and put water and fuel oil in them, and had been so employed and engaged in such duties for a period of almost ten years; that on the night of the 16th of March, 1931, at about 11:30 p. m., engine No. 1500 was turned over to him by the defendant's engineer for the purpose of having fuel oil and water put in it; that the engine had just returned to Tulsa from Kansas City and was engaged in the defendant's operations in interstate commerce; that he had put water in the engine and had pulled the engine to the oil crane for the purpose of putting fuel oil in the engine, when the injury occurred.

Plaintiff testified that the place where the oil crane was located was insufficiently lighted; that he had not been provided with a flashlight, and in order to put the oil in the engine it was necessary to pull the oil crane down with an oil crane hook; that this hook was not a safe hook to use for the purpose on account of the angle of the hook not being acute enough, and the defendant had been informed of this and had promised to repair the hook; that he mounted the engine at the oil crane and stepped into oil that was about the manhole through which the fuel oil entered the engine and inserted the hook in the chain of the oil crane, and as he brought his weight down upon it for the purpose of pulling it into position over the manhole, that the chain slipped out of the defective hook, causing his feet to slip in the oil about the manhole and causing him to fall upon the hand rail and upon the top of the engine, resulting in severe injuries to his person.

Plaintiff further testified that he did not know that the oil was on top of the engine about the manhole; that he was unable to see it on account of the insufficient light and that the first knowledge he had of the oil was when his feet slipped in it and he fell into it; that it was contrary to the rules and regulations of the defendant railroad company to permit oil or other foreign substance to collect on the top of the engines around the manhole; that it was not his duty to see that this was done; that the defendant employed a Mexican known as the engine wiper, whose particular duty it was to see that the surface oil was removed from the engines.

We are of the opinion that the foregoing evidence, in connection with other facts testified to at the trial, was sufficient to go to the jury for its determination, and that the court in granting a new trial in said cause did not abuse its discretion and did not err on a pure and unmixed question of law in setting aside the first order overruling the motion for a new trial, as it was during the same term of court in which the order was made.

The order of the court granting a new trial is therefore affirmed.

OSBORN, V. C. J., and RILEY, PHELPS, WELCH, and GIBSON, JJ., concur. McNEILL, C. J., and BAYLESS and BUSBY, JJ., absent.