LEVI et al. v. OKLAHOMA CITY.

No. 32527. April 8, 1947.

*179 P. 2d 465.*

W. F. Kyle, W. K. Garnett, and Chas. H. Garnett, all of Oklahoma City, for plaintiffs in error.

A. L. Jeffrey, Municipal Counselor, and Arthur Leach, Asst. Municipal Counselor, both of Oklahoma City, for defendant in error.

GIBSON, J. This was a proceeding in reverse condemnation brought by plaintiff in error Emanuel M. Levi against defendant in error, the city of Oklahoma City, a municipal corporation, to recover compensation for certain parcels of land in the abandoned railroad right of way known as Civic Center in said city, which, it is alleged, the city appropriated for park purposes without compensating the plaintiff as owner thereof.

On August 7, 1945, during the July term of the court, judgment was awarded plaintiff.

Plaintiff in error Chas. H. Garnett was attorney of record for plaintiff in the proceeding and it is expressly declared in the judgment that same is subject to a lien in favor of said attorney in whatever amount is provided by the contract of his employment.

On October 18, 1945, and during said July term of the court, and within the time in which an appeal could be lodged, said city as defendant filed therein its petition and motion for a new trial upon the ground of newly discovered evidence consisting of a quitclaim deed purporting to have been executed by the plaintiff as grantor to said city as grantee and conveying to the grantee the premises involved in the proceeding.

Upon his motion, said Garnett was permitted to intervene as a party in interest and he and plaintiff severally responded to the motion and petition of defendant and tendered issues therein. The matter was heard by the court at length upon affidavits and oral testimony, and on November 27, 1945, order was entered sustaining said motion and awarding defendant a new trial. It is therefrom that plaintiff and intervener appeal.

The grounds of error are set forth in four propositions. The first and second are urged on behalf of the plaintiff and the third and fourth on behalf of the intervener.

The first three are as follows:

"1. The record in this case fails to show affirmatively that the defendant exercised reasonable diligence in an effort to discover and produce on the trial the now alleged newly discovered evidence.

"2. A deed is ineffective as a conveyance until accepted by the grantee, and where the grantee is a corporation, it can be accepted only by the governing body of such corporation.

"3. Where an attorney takes employ-

ment to conduct a lawsuit for a percentage of the recovery, he acquires an interest as a part owner in his client's cause of action and in whatever judgment is recovered on it."

The fourth, in substance, contends that the intervener, to the extent of his interest in the judgment, was an innocent purchaser and his interest not subject to be defeated by a new trial of the issues.

First, we will consider the action of the court from the standpoint of the challenge made in propositions one and two.

Bearing upon the need for and the standard of diligence, the absence of which is urged as the basis of error, there are cited numerous cases wherein are included cases where motions were overruled as well as those where motions were sustained, and cases where the motions were filed after term as well as those where motions were filed during the term in which the judgment was rendered. No good is to be accomplished and it but tends to confuse to review those of the cases that are not in point. In the instant case the new trial was granted. We have repeatedly held that in such situation a more liberal rule in support of the court's action obtains than where the new trial was denied. Trower v. Roberts, 17 Okla. 641, 89 P. 1113; Black v. Bell, 128 Okla. 160, 261 P. 222; Burtschi v. Love, 105 Okla. 97, 231 P. 1048; Billy v. LeFlore County Gas & Electric Co., 166 Okla. 130, 26 P. 2d 149; Parkhill Truck Co. v. Ok-Tex Drilling Co., 187 Okla. 50, 100 P. 2d 863.

And, herein, the motion for new trial was filed during the term at which the judgment was rendered. As to the power of the trial court in such situation, we declared in Philip Carey Co. v. Vickers, 38 Okla. 643, 134 P. 851, as follows:

"It is a general rule of law that all the judgments, decrees, or other orders of the court, however conclusive in their character, are under the control of the court which pronounces them, during the term at which they are rendered or

entered of record, and may then be set aside, vacated or modified by the court."

This pronouncement has been repeatedly reaffirmed, Atchison, T. & S. F. Ry. Co. v. Washington, 176 Okla. 521, 56 P. 2d 1190, and the effect thereof is that the question of the granting or refusing a new trial rests in the discretion of the trial court. The breadth of the discretion is declared in Smith v. Sims, 186 Okla. 364, 98 P. 2d 55, as follows:

"The discretion of the trial court in granting a new trial is so broad that its action in so doing will not be disturbed on appeal unless the record shows clearly that the court erred in its view of some unmixed question of law or has acted arbitrarily or capriciously."

And pertinent to the limitation thereon where, as here, the reason for granting a new trial is based upon a distinct ground, this court, in Vickers v. Philip Carey Co., 49 Okla. 231, 151 P. 1023, 1027, quoted with approval and applied the principle as announced in Shepherd v. Brenton, 15 Iowa, 90:

"It is conceded that if the court, in ordering a new trial, misapplies or mistakes a legal proposition, such ruling will be reviewed with the same freedom as if made at any other stage of the trial. In such a case this court does not supervise the discretion of the court below, but determines whether the view taken of the law was correct. And therefore, if it appeared in this case that a new trial was granted to enable defendant to obtain testimony impeaching or cumulative merely, . . . we should have no hesitation in reversing such order, for in such a case the court would have no discretion; the law settles the right of the parties, and it was simply the duty of the court to declare it."

In the Vickers Case we held that it was patent that the evidence which was made the basis of the order granting the new trial was merely cumulative, and, under the law, not being sufficient as a ground therefor, the court's granting a new trial therefor was an error of law.

The rule to be applied in reviewing the order herein is whether it is evident

as a matter of law that the grounds relied on by the court do not exist. We quote the pertinent findings of the court:

". . . The court, after hearing argument of counsel and upon consideration of the record and the evidence presented, is of the opinion and finds 'That the court has jurisdiction of the petition and the motion to vacate, and motion for a new trial; that the evidence introduced orally, by stipulation of the parties, by the affidavits that were admitted by agreement and said deed, show that the newly discovered evidence would probably change the outcome of this action, should a new trial be granted, from that heretofore adjudged.

" 'The court further finds that on the matter of diligence: That the city, through its attorneys and other officers, during the period in question, and during the progress of this litigation, were unaware of the existence of said deed and the facts thereof. That there had been changes in the city administration, as to personnel, and also changes as to the personnel in the municipal counselor's office several times since the deed in question was received and this action concluded; that it was through accident and an oversight that said deed had not been duly recorded and produced prior to and during the progress of this action.

" 'The court further finds that this municipal corporation and its officers, under the circumstances shown in the evidence, were not guilty of that want of diligence which would prevent or preclude them from proceeding and prevailing in this present proceeding.' "

We cannot say, in view of the facts recited by the court, there was an absence of diligence. In fact, we consider that such facts negative the absence thereof. As held in Maul v. Rider, 59 Pa. 167:

"There are very few facts which diligence cannot discover, but there must be some reason to awaken inquiry and direct diligence in the channel in which it would be successful. . . . There must be some act — some declaration from an authentic source — which a person would be careless if he disregarded, which is necessary to put a party on inquiry, and call for the exercise of reasonable diligence."

Aud substantially to the same effect is Brannock v. Bromley, 30 Cal. A. 2d 516, 86 P. 2d 1062.

The findings by the court that the city was unaware of the existence of the deed by reason of accident and oversight, which are unquestioned, fully sustain and warrant the holding of the trial court on the question of diligence.

That the deed is material evidence and if effective would produce a different result upon another trial is clear. The effect of the deed is sought to be challenged by the second proposition for want of acceptance by the city. If such contention were tenable, it cannot be properly presented on this appeal. The court did not err in granting a new trial.

The attorney's contract provided for a contingent fee of one-half interest in the compensation recovered by final judgment or through settlement or compromise.

The statement of the law in the third proposition is correct, but the conclusion sought to be drawn therefrom and the contention under the fourth proposition to the effect that the interest so acquired is equal to or comparable with that of a purchaser of land for value without notice as against the litigable rights of the defendant that yet obtained is clearly without merit. Such is true because it is thereby sought, solely on authority of the lien statute, to establish a conclusion that is not authorized thereby nor consonant with the intent and purpose of the statute and is contrary to law. As between plaintiff's attorney and the defendant the effect of such construction is to change the liability of the latter by depriving him of a right enjoyed under the law to defend against the claim of the plaintiff, on which claim alone the right of the attorney depends.

Concerning the effect of the lien statute upon the liability of the defendant to the attorney, which is the only ques-

tion here involved, it is said in Emory J. Smith, etc., v. American Bridge Co., 194 Ill. App. 500, that "The Attorneys' Lien Act does not increase or diminish the liability of defendant." Except to the extent exceptions thereto are made by statute in case of compromise, which are not involved here, such construction is applicable to the Oklahoma statute (5 O. S. 1941 § 6).

The purport of the statute is to give the attorney a lien upon his client's cause of action and same shall attach to any judgment in his favor. The fact that such lien operates as an equitable assignment pro tanto does not change the situation. It has reference to a thing in action. In the syllabus of Stuart et al. v. Coleman et al., 78 Okla. 81, 188 P. 1063, we declared:

"The theory of lis pendens is to keep the subject-matter of the controversy within the power of the court until the final judgment is rendered, so that the judgment, when rendered, may be effective. A party to the litigation cannot transfer the property in issue so as to prejudice the rights of the adverse parties therein.

"Where the law gives a right of review to an appellate court, all persons are necessarily charged with notice thereof, and lis pendens is adequate to give a litigant protection until he can pursue all the remedies to which he is entitled in the action, and therefore, although a judgment or final decree has been entered, the cause is deemed to be pending while the right to prosecute it further by appeal remains."

The right of the defendant cannot be abridged through assignment by the plaintiff. In 49 C. J. S. p. 981, sec. 528, it is said:

"The assignee stands in no better position than the original plaintiff, and the judgment may be reversed, vacated, set aside, or enjoined in the assignee's hands for the same reasons which would justify such action if it remained in the hands of the original plaintiff, . . ."

This doctrine was recognized in Gupton v. Western Kennel Club, 193 Okla. 462, 145 P. 2d 179, where we held:

"An assignee of a judgment is in the same position as the original judgment creditor in respect to its enforcement or satisfaction."

If a third person, however innocent, cannot acquire an interest prejudicial to the right of the adverse party therein, there appears no theory upon which an attorney whose right by the express terms of his contract is made to depend upon the successful prosecution of his client's right can occupy a higher position. The statutes do not afford it.

It is urged that the lien operated upon the land and to the extent of the interest enjoyed thereby, the attorney was a purchaser for value and without notice of the unrecorded deed held by the city. And it is upon the alleged existence of such lien on the land that the argument is principally based. The theory of the existence of the lien is that the city lay claim to the land and it was encumbent upon the attorney to negative such claim in order to establish plaintiff's title which was essential to the recovery of compensation.

If in the instant case the suit was for the recovery of the land and the contract provided for an interest in the recovery, the lien would be operative thereon and operate as an equitable assignment where recovery was had, but the right therein would depend upon the judgment and its finality and no different from that of the money judgment. But herein the action was not for the recovery of the land and the title thereto was involved merely as an incident to support the right of action pursued. Such being true, any contention of a lien upon the land is not warranted and the force of the argument thereon falls on authority of Elliott et al. v. Orton et al., 69 Okla. 233, 171 P. 1110, where we declared:

"It seems by the Oklahoma statute that the attorney only has lien upon his client's cause of action or counterclaim which attaches to any verdict, report, decision, findings, or judgment in his client's favor, and the proceeds thereof wherever found. It seems to indicate

that in order for the lien to become effective that there must be affirmative relief in favor of his client, and that any services which he may render that merely protect his client in the possession and right to his property are not covered by the attorney's lien law. In other words, that the attorney has no lien upon the res of the action, but only upon any affirmative judgment rendered in his client's favor."

Affirmed.

HURST, C.J., DAVISON, V.C.J., and RILEY, BAYLESS, WELCH, CORN, and ARNOLD, JJ., concur.