PETITE v. DAVIS et al.

No. 33787. Nov. 14, 1950.

*223 P. 2d 1082.*

Jack L. Spivey, of Oklahoma City, for plaintiff in error.

Sigler & Jackson, of Ardmore, for defendants in error.

CORN, J. This is an appeal by plaintiff, Joe Petite, from an order of the district court of Carter county setting aside a verdict of the jury in his favor and granting a new trial in a replevin action.

Plaintiff in his first amended petition filed on September 17, 1947, alleges that he is the lessee of a truck and is entitled to the immediate possession thereof; that defendants, A. A. Davis, Bill Wagner, and Earnest W. Crumb, doing business as Crumb Garage, obtained possession of the truck on July 15, 1947, and ever since said time have wrongfully deprived him of the possession thereof and have deprived him of the use and benefit thereof, and that the reasonable usable value of the truck was $25 per day and prayed for recovery and possession of the truck and damages for wrongful detention in the sum of $25 per day from the 15th day of July, 1947, until such time as the truck may be returned to him.

Defendants in their answer denied that they have wrongfully detained the

truck from plaintiff. It is alleged that one Lee Gilbert, who was the owner of the truck, and Art Henley were partners engaged in operating a liquor store in Wichita Falls, Tex.; that Art Henley, who was then in possession of the truck, some time in July, 1947, drove the truck from Wichita Falls to Ardmore, Okla., on business for the partnership; that he borrowed the sum of $279 from defendants A. A. Davis and Bill Wagner; that he gave Mr. Davis a check for that amount and pledged the truck as further security for the payment of the check and left it in their possession and that by reason thereof they have a lien on the truck until the debt is fully paid; that the check had never been paid. They pray judgment for foreclosure of their lien and sale of the truck to satisfy the debt.

The jury returned a verdict in favor of plaintiff for the recovery of the truck and for $1,550 damages for the unlawful detention thereof.

On motion of the defendants the trial court set aside the verdict and granted defendants a new trial. The court in passing upon the motion for new trial made the following comments: Plaintiff should have made some attempt to minimize the damages; that he should have more promptly brought an action for the purpose of recovering the truck. One juror had made the statement that both bootleggers ought to have been punished anyway; that the amount of damages awarded under the verdict was excessive. He did not know at what amount to fix a remittitur. The only thing he knew to do was to let this case be tried over. When requested to state the grounds on which he was about to grant the new trial, the court said:

"I don't conscientiously approve of the verdict, and then I entered into a delineation to a certain extent."

The motion for new trial, upon other grounds, is predicated on the grounds:

"First: The judgment is contrary to the law and evidence."

"Fourth: That the verdict of the jury is indefinite and uncertain and shows to have been prompted by prejudice and is contrary to law."

We deem it unnecessary to set forth the other grounds specified in the motion for new trial, as such grounds appear to have been abandoned.

It is the contention of plaintiff that the trial court abused its discretion in granting the new trial.

We have many times held that this court in reviewing the order or judgment of the trial court granting a new trial is governed by the following rules:

"The discretion of the trial court in granting a new trial is so broad that its action in so doing will not be disturbed on appeal unless the record shows clearly that the court erred in its view of some pure unmixed question of law, or has acted arbitrarily or capriciously."

"As the granting of a new trial only placed the parties in a position to have the issues between them again submitted to a jury or court, the showing for reversal should be much stronger where the error assigned is the granting of a new trial than where it is the refusal."

"The phrase 'discretion of court,' as applied to granting and denying new trials, means a legal discretion to be exercised in discovering the course prescribed by recognized principles of law." Levi et al. v. Oklahoma City, 198 Okla. 414, 179 P. 2d 465, and cases therein cited.

We have also held that the trial court abuses its discretion in granting a new trial where the evidence shows that a verdict in favor of the party seeking a new trial could not be sustained. Kurn v. Cochran, 181 Okla. 205, 73 P. 2d 833; Russell v. Margo, 180 Okla. 24, 67 P. 2d 22; American Central Ins. Co. v. Brenner, 173 Okla. 632, 49 P. 2d 528.

Plaintiff further contends that if the court thought the vice in the verdict lay in the amount it should have offered him an opportunity to make a

remittitur in such amount as would have made the verdict acceptable. The trial court undoubtedly had the right to require a remittitur as a condition upon which it would approve and accept the verdict. Kurn v. Maxwell, 194 Okla. 336, 151 P. 2d 386; Anderson v. State ex rel. King, 171 Okla. 587, 43 P. 2d 474. It was, however, not bound so to do. In 39 Am. Jur., New Trial, §210, it is said:

"Where the jury's verdict appears to be excessive, the rights of the parties may be adjusted by either of two remedies; the trial court may order a new trial absolutely or unconditionally; or may require the successful party to remit the excess or, as an alternative, to proceed to a new trial of the case. . . ."

We cannot say that the trial court acted arbitrarily or abused its discretion in setting aside the verdict and granting a new trial.

Judgment affirmed.