The City of OKLAHOMA CITY, a Municipal Corporation, Plaintiff in Error,

v.

Robert Lee WILSON et al. (W. J. Edwards and Frances Edwards, Tract 2W–3I–II), Defendants in Error.

No. 37443.

Supreme Court of Oklahoma.

Jan. 22, 1957.

Rehearing Denied April 23, 1957.

A. L. Jeffrey, Municipal Counselor, Howard V. Cudd, Asst. Municipal Counselor, Oklahoma City, for plaintiff in error.

Walter Gray, Twyford, Smith & Crowe, Oklahoma City, for defendants in error.

PER CURIAM.

This action was originated by the City of Oklahoma City under its power of eminent domain as a municipal corporation to acquire the surface rights to a number of tracts of land to be appropriated for park purposes, with the right, in its discretion, to locate on the property taken an improved river channel or depressed floodway in connection with the North Canadian River. A part of the property acquired by the city was 33½ acres of a 53 acre tract abutting Northeast 10th Street in Oklahoma City, owned by W. J. Edwards and Frances Edwards, husband and wife. Of the various condemnees only the interest of the Edwards is involved in this appeal. For convenience, we will refer to the municipality, here plaintiff in error, as the city, and the Edwards, defendants in error, as the owners.

Court appointed commissioners filed a report fixing the value of the property acquired from the owners at the sum of $6,-355. On demand of the owners, a jury trial was had to assess the damages to be awarded. The verdict returned fixed the recovery at $4,200. The trial court entered judgment on the verdict and provided for recovery to the city of the sum of $2,155 from the owners as the difference between the amount of the verdict and the amount previously paid under the report of the commissioners.

Thereafter, the owners filed a motion for a new trial on the grounds that the verdict was not sustained by, and was contrary to, the evidence and that the court erred in the admission of prejudicial evidence which resulted in an erroneous verdict and refused to admit competent evidence which would have changed the result of the trial. The trial court sustained the motion, stating in the journal entry as the reason therefor, that in its opinion, "competent evidence offered by the defendants at said trial was improperly excluded * * *."

The city appeals form the order and judgment of the trial court granting a new trial. Error is argued under one proposition, to the effect that the trial court abused its discretion in granting a new trial on the ground stated, for the reason that such evidence as was in fact excluded was either incompetent, inconsequential, or had been previously introduced without objection; that the jury had the benefit of the information sought to be elicited by the excluded evidence and that there was no reasonable basis for concluding that on retrial there would be any different result.

We have, by reason of the general nature of the opinion expressed by the trial court relating to the excluded evidence, examined the record for the purpose of determining in each instance of exclusion, the propriety of the court's action under applicable rules of evidence and the effect of the court's action in each instance upon the rights of the parties, and we have carefully considered our findings thereon to determine whether or not the trial court in

granting a new trial abused its sound legal discretion applied in accordance with recognized principles of law. While we are not directed to any specific evidence or the nature of the evidence the trial court thought it had improperly excluded, it is apparent from the argument advanced by counsel for the owners in support of the action of the trial court that the purported error was in connection with the testimony of Hugh Turney, who testified for the owners as an expert on property values and gave his opinion as to the value of the property taken by the city.

Owners' counsel state in their brief that during the time the motion for a new trial was under consideration, this court handed down the opinion in the case of Finley v. Board of County Commissioners of Oklahoma County, Okl., 291 P.2d 333, and that, from this opinion the trial court concluded that reversible error had occurred in excluding a part of the testimony of the witness Turney. After a careful examination of the questions propounded to this witness and the answers given, we are unable to agree that the trial court restricted the testimony of this witness to the extent that the owners were deprived of the full benefit of his opinion as to the value of their property taken in the condemnation proceedings.

The acreage taken by the city was a part of an area platted as an addition to the municipality and questions to witnesses on value testifying previously to Turney were propounded, hypothetically in part, on the basis of the existence of a sewer line, a water line and general utilities on, or available to, the property in the addition, calculated to affect the value of the property as an addition. An objection to a similar question addressed to the witness Turney was interposed on the part of the city, on the ground that the question was an improper repetition before the jury of matters to be taken into consideration in fixing the value of the property, although it was conceded the witness might properly explain the various items of value considered in expressing his opinion as to value.

From the answers of this particular witness to preliminary questions leading to the hypothetical question, it appeared that the witness was familiar with the property both prior to and after the date of taking and that the trial court was of the opinion the witness should be able, from his observation of the property and by virtue of his qualifications, as an expert, to state both his opinion as to the value and his reasons therefor based on knowledge of the property and the various items of value be, as an expert on the matter at hand, might reasonably be expected to have observed and taken into account. Apparently, under this persuasion, the trial court excluded the hypothetical question. While it was developed by further questioning, that this witness had not been familiar with all of the property before the taking and was dependent upon knowledge gained from the owners for the value of certain improvements, he was permitted to express his opinion of the value of the entire tract before the taking and thereafter and testified in detail as to the cost of a sewer line, surveying, platting, cleaning and filling in and fencing, which costs were furnished to him by the Edwards. No objection was made to his testimony revealing that his opinion was based on his inspection after the taking and he was given full opportunity on cross-examination to state the value of the improvements he had considered in forming his opinion of the value. If the testimony of the witness had been limited by denying the hypothetical question and the owners thereby deprived of his opinion as to value because he had not inspected the premises before the taking and was dependent upon hearsay as to improvements, then, under the rule of Finley v. Board of County Commissioners, supra, error would be indicated. Since the owners actually had the full import of such testimony as was sought from this witness and were not actually deprived of the benefit thereof by the rulings of the court, it follows that there was no exclusion of competent evidence insofar as

the testimony of this particular witness is concerned.

■ We find nothing from the other instances of exclusion of evidence from which we can say that error occurred. On one occasion a statement of loan value was mentioned, which was obviously excluded on the ground that no proper predicate was laid to justify the evidence on this point. No objection was made to the exclusion of the statement and it does not appear that such exclusion was in anywise prejudicial to the rights of the owners, and, in fact no such contention was made in the trial court. The two remaining instances in which answers were stricken, related to a statement about the condition of the topography of the property after the taking and an uncompleted answer as to the general area where the owners' property is located, which was not responsive to the question. No objection was made to the action of the trial court in either case and we can find no reason, nor is any urged, from which it can be said that these rulings were in anywise improper.

It is disclosed by the record of this case that the location of the subject property, its past and present uses, the possibility of water encroachment from the river, and all improvements thereon, particularly in connection with utilities, were fully shown to the jury, either by the testimony of witnesses or on stipulation.

While the city only used one expert witness on value, his opinion was stated and shown under direct and cross-examination to have been based on personal examination of the premises and thorough knowledge thereof and of the surrounding area, and that he took into consideration all the improvements such as the sewer, water line and other utilities, relied upon by the owners as particular enhancements of the value of the property. The value of the property taken by the city was stated by this witness to be, in his opinion, $4,200.

Mrs. Edwards, testifying on behalf of the owners, fixed the value of the 53-acre tract at $1,000 per acre. Another witness on behalf of the owners, qualifying as an expert, also valued the property at that figure. The witness, Turney, valued the whole at $42,-400, and the remaining 19½ acres at $15,-600, thus fixing the condemned portion at $26,800. This valuation of $42,400 consisted of $33,685, representing expenditures made by the owners, and the remainder as land value.

Our examination of the record fails to disclose any error of law occurring in the trial of the case. The instructions given fairly and correctly advised the jury upon the rules of law applicable to governing the jury's consideration and determination of the matters.

■ While the testimony reveals a considerable value disparity as fixed by the witnesses for the opposing parties, it must be said that the testimony of the witness for the city supports the verdict as to the amount assessed as damages. It was within the province of the jury, upon consideration of all the evidence, to fix such amount as was determined by that body proper and just to compensate the owners for their property.

The owners direct our attention to the many pronouncements of this court wherein we have recognized the broad discretion of trial courts in granting or refusing a new trial, the presumption in favor of the court's action thereon and the rule often stated that the record must show clearly that the court erred in a pure and unmixed question of law, or acted arbitrarily or capriciously.

■ The phrase "discretion of court" as applied to granting and denying new trials, means a legal discretion to be exercised in discovering the course prescribed by recognized principles of law. Levi v. Oklahoma City, 198 Okl. 414, 179 P.2d 465; Petite v. Davis, 203 Okl. 547, 223 P.2d 1082; Vickers v. Phillip Carey Co., 49 Okl. 231, 151 P. 1023, 1028, L.R.A.1916C, 1155. In

the Vickers v. Phillip Carey Co. case, we said, in reference to the rule just stated:

"* * * Courts are the mere instruments of the law, and can will nothing. Judicial power is not exercised for the purpose of giving effect to the will of the judge, but always for the purpose of giving effect to the will of the law. To one coming within the rule announced, a new trial should be given as a matter of right, not merely as a result of the exercise of the court's will. So, on the other hand, where the court grants a new trial, but in doing so disregards the rules of law controlling the exercise of the power, its action presents a question of law reviewable on appeal."

It being apparent that the trial court properly excluded certain evidence and did not in fact exclude any competent testimony of the witness Turney, it cannot be said that the trial court erred as a matter of law in excluding competent evidence. It necessarily follows that it was error to sustain the owners' motion for a new trial for the reason given.

A trial court has a wide discretion in granting new trials, and every presumption will be indulged in favor of the correctness of the trial court's ruling. However, where the record clearly shows that the court erred in some pure, simple and unmixed question of law, an order granting a new trial will be reversed. Cabiniss v. Andrews, Okl., 258 P.2d 180; Aldridge v. Patterson, Okl., 276 P.2d 202; Hansen v. Cunningham, Okl., 285 P.2d 432.

The case is reversed and remanded with directions to enter judgment on the verdict returned by the jury.

WELCH, C. J., and HALLEY, JOHNSON, WILLIAMS and BLACKBIRD, JJ., concur.

CORN, V. C. J., and DAVISON, JACKSON and CARLILE, JJ., dissent.

The Court acknowledges the aid of the Supreme Court Commissioners in the preparation of this opinion. After a tentative opinion was written by Commissioner J. W. Crawford, and approved Jean R. Reed and James H. Nease, the cause was assigned to a Justice of this Court for examination and report to the Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.