**BISHOP'S RESTAURANTS, INC. OF TULSA and Jane Doe, Plaintiffs in Error,**

v.

**Mrs. Harold WHOMBLE, Defendant in Error.**

**No. 38597.**

Supreme Court of Oklahoma.

Feb. 23, 1960.

Rehearing Denied Sept. 27, 1960.

Rucker, Tabor & Cox, Gurney G. Cox, O. H. (Pat) O'Neal, Tulsa, for plaintiffs in error.

Hudson, Hudson, Wheaton & Kyle, Thomas R. Brett, Tulsa, for defendant in error.

BERRY, Justice.

Mrs. Harold Whomble, plaintiff below, commenced this action to recover damages for bodily injuries received by her on the evening of May 4, 1956, while a patron in the establishment of defendant, Bishop's Restaurants, Inc., in Tulsa, Oklahoma. The petition alleges plaintiff pulled out a chair from the table specially arranged for her party of several ladies, then stepped in front of it and proceeded to be seated. While she was in process of sitting down, defendant's hostess (co-defendant below) negligently removed the chair from its position directly behind plaintiff. As a result of this act plaintiff fell to the floor sustaining a fractured coccyx (tail bone) and other injuries to her person. An averment is made that defendant, Bishop's Restaurants, Inc., owed a duty to see that guests present on the premises were properly seated, and that its hostess, acting as an agent and employee of the establishment, was negligent in carrying away the chair when plaintiff was in the motion of seating herself therein. Defendants answered by general denial, a plea of unavoidable casualty and contributory negligence. After trial resulted in a verdict for defendants, the lower court sustained plaintiff's motion for new trial.

From the order granting a reexamination of fact issues, defendants bring this appeal.

For reversal defendants urge the order of the court below was an arbitrary and capricious act constituting error of law and an abuse of sound judicial discretion.

In her motion for a new trial plaintiff alleged:

"That the verdict of the jury is contrary to the evidence, contrary to the court's instructions, and not supported by the evidence.

"That the verdict of the jury is so flagrantly opposed to the evidence as to appear to have been the result of prejudice and is so opposed to justice as to immediately shock the conscience of the court."

While the journal entry of judgment is silent as to the grounds for granting a new trial, the record reveals the following comment voiced by the trial judge in sustaining the motion:

"The Court sustains the motion for a new trial on the ground that the verdict of the jury is unconscionable; the Court cannot approve it; the Court believes that there was no contributory negligence in this case and I am surprised that the jury could, by any stretch of the imagination, find contributory negligence in this case.

"I think it was error for the Court to give the contributory negligence instructions and for those reasons, both unconscionable and the giving of the contributory negligence instruction, the Court will grant a new trial."

Plaintiff asserts the action of the trial judge is buttressed by sound and valid reasons. Seeking to uphold the order, she invokes the rule that in granting a motion for a new trial the lower court is not limited to the grounds stated therein and has a broad latitude and discretion which will not be disturbed by the reviewing tribunal in the absence of a clear showing of manifest error and an abuse of discretion. Reyes v. Goss, 205 Okl. 140, 235 P.2d 950; Rein v. Patton, 208 Okl. 442, 257 P.2d 280.

■ Whether or not in the case at bar the issue of contributory negligence was properly submitted to the jury presents for our consideration a clear proposition of law. We are firmly committed to the view that where the lower court rests its action in granting a new trial upon the inclusion of an erroneous charge to the jury and such instruction is determined by the reviewing tribunal to have been correctly and properly given, the trial judge is deemed to have erred with respect to a pure, simple and unmixed question of law. In such instance the order granting a new trial will be reversed. Browne v. Bassett, 191 Okl. 22, 126 P.2d 705; Dowell, Inc. v. Layton, Okl., 261 P.2d 885.

■ Proof introduced by defendants, the record discloses, shows that when the hostess removed the chair, which she said was obstructing the aisle, Mrs. Whomble was not standing directly in front of it. Although it is so alleged in the petition, the evidence did not establish that before proceeding to seat herself in the chair she sought to occupy, plaintiff had pulled it out from the table, placed it behind her and then attempted to sit down. At the time of the incident, all the witnesses agree, plaintiff and the ladies in her party were engaged in conversation among themselves and with other members of their sorority seated at adjoining tables. The dining room was in a state of commotion. The ladies were confused as to how many of them would share the particular table. Somebody told the hostess there would be one less person in the group. Thinking there was an extra chair, the hostess carried it away.

In Croft v. Dodson, Okl., 310 P.2d 375, 378, it was held:

"By virtue of Article XXIII, Section 6, of the Constitution of this State, contributory negligence is a question of fact which must at all times be left to the jury, and if there is any evidence of contributory negligence, or from which contributory negligence may be inferred or presumed, that issue must be resolved by the jury. Warren v. Layman, Okl., 267 P.2d 590. If there be sufficient evidence to require the question of contributory negligence to be submitted to the jury, its verdict on that question is conclusive. Fay v. Brewer, 181 Okl. 554, 75 P.2d 425."

Our consideration of the record impels us to the conclusion the trial court was justified and required to instruct the jury on the defense of contributory negligence.

We next pass to consider the second ground assigned by the trial judge for his action, to-wit: "the verdict is unconscionable and cannot be approved."

■ In construing obscure or abstruse remarks made by the trial judge in stating his reasons for granting a new trial, the appellate court will resort to and consider the allegations in the motion of the aggrieved litigant and will, where necessary, examine the entire record in the light of applicable law to determine whether the court below has erred as a matter of law or abused its judicial discretion. Croft v. Dodson, supra; Fry v. Alexander, Okl., 290 P.2d 397; Hansen v. Cunningham, Okl., 285 P.2d 432. See also Holland v. Sears, Okl., 348 P.2d 538.

This we have done. In our search of the record we failed to detect any prejudicial errors or vitiating irregularities cognizable by law. The matters in issue were regularly and correctly submitted to the jury under proper instructions. Their verdict is reasonably supported by sufficient competent evidence from which the jury could have found that plaintiff caused or contributed to the injuries sustained, if any, by her own inattention or inadvertence. The verdict could likewise have been based on a finding that plaintiff's principal and sole complaints concerning the area of cervical muscles were not produced by or attributable to any trauma to the coccyx she might have received in the fall. There was ample medical proof to justify the jury in so concluding.

■ Where it appears that the defeated litigant did not present valid reasons for a new trial, and the record is barren of sufficient legal grounds for ordering a reexamination of fact issues, this Court will hold that none existed and that the trial court abused its discretion in sustaining the motion. Poynter v. Beacon Falls Rubber Co., 115 Okl. 245, 242 P. 563; McMahan v. McCafferty, 205 Okl. 656, 240 P.2d 443.

■ In exercising sound judicial discretion the judge is precluded from giving effect to his own will and subjective views of what is proper and just. Instead, he is bound to follow the will of the law in discerning the course legally prescribed according to principles ascertained by adjudged cases. Vickers v. Phillip Carey Co., 49 Okl. 231, 151 P. 1023, L.R.A.1916C, 1155. Belt v. Morris, 168 Okl. 528, 34 P.2d 581; Levi v. Oklahoma City, 198 Okl. 414, 179 P.2d 465; Petite v. Davis, 203 Okl. 547, 223 P.2d 1082; Oklahoma City v. Wilson, Okl., 310 P.2d 369.

If we were to allow an untrammeled substitution of his own will for that of the triers, a trial judge could effect a partial abrogation of the right to trial by jury. Aldridge v. Patterson, Okl., 276 P.2d 202; Hansen v. Cunningham, supra.

■ The function of a motion for a new trial is to open judicial inquiry into errors occurring during the conduct of the proceedings. Its office is to invoke the power of a trial court to correct and cure its own errors.

■ Where the record is free from errors cognizable by law and the parties had a fair and impartial trial, there exists no lawful basis upon which the trial judge may act in ordering a reexamination of fact issues.

The order of the trial court sustaining plaintiff's motion for a new trial is reversed with directions to vacate the same and enter judgment in accordance with the verdict of the jury.

Reversed.