Lawrence B. HUNTER, Roland M. Hunter, Avis O. Anderson and Emmett A. Klem, Plaintiffs in Error,

v.

Jack Neal HUNTER, Keith E. Hunter, Kenneth N. Hunter and Carol Jean Kelly, Defendants in Error.

No. 42579.

Supreme Court of Oklahoma.

June 2, 1970.

Klem & Klem, Shattuck, for plaintiffs in error.

Wright & Lowrey, Woodward, for defendants in error.

DAVISON, Justice.

Plaintiffs in error appeal from a judgment refusing to admit to probate the alleged lost will of Cora M. Hunter, deceased, and from the order of the trial court overruling their motion for new trial. Plaintiffs in error will be referred to as "proponents" and the defendants in error will be referred to as "contestants" of the will.

Proponents' motion for new trial was based entirely upon a claim of newly discovered evidence, and the only proposition presented in this court is the claimed error of the trial court in denying proponents a new trial on this ground.

Proponents' alleged newly-discovered evidence was the testimony of one Alene DeVore. Miss DeVore was the former secretary of the proponent Emmett A. Klem, who was the attorney that prepared and supervised the execution of the will on March 9, 1951. She was so employed at that time. The record, including the respective affidavits filed in connection with the motion for new trial, presented the question of whether the proponents could not, with reasonable diligence, have discovered and produced the evidence at the trial.

We will limit our narration of the circumstances to those matters necessary to a determination of the alleged error of the trial court in denying proponents a new trial.

On April 5, 1966, the proponent Emmett A. Klem filed a petition in the County Court of Ellis County, Oklahoma, to probate the last will of Cora M. Hunter, alleging that she executed the will on March 9, 1951, and that the will could not be found. Attached thereto was an unexecuted carbon copy of the typewritten will. The copy does not disclose the names of the three subscribing witnesses. It designated Klem as executor.

In the alleged will Cora M. Hunter limits devise of her estate to her children living at the time of her death. The proponents, with the exception of Emmett A. Klem, were such children, and the contestants are children of deceased sons of Cora M. Hunter.

The County Court, after several hearings, refused to admit the will to probate, and proponents appealed to the District Court.

On October 18, 1966, the parties stipulated that the matter be submitted to the District Court on the testimony, evidence and record introduced and made in the County

Court. On January 17, 1967, the trial court rendered judgment refusing to admit the will to probate. The basis of the judgment was that the proof of the proponents did not meet the requirements of that portion of 58 O.S.1961, § 82, providing that, "No will shall be proved as a lost or destroyed will, * * * unless its provisions are clearly and distinctly proved by at least two credible witnesses."

Proponents' motion for new trial because of newly discovered evidence was filed January 26, 1967. Attached thereto was the affidavit of the proponent Emmett A. Klem, in which he states that after entry of the judgment he discovered, "for the first time, that he could have proved the contents of said last will unequivocally by one Alene DeVore," who resides in Denver, Colorado; that his first knowledge that Alene DeVore "remembers the contents of the will resulted from conversation had with her on the 26th day of January, 1967;" and,

> "That prior to said trial affiant made diligent search to secure witnesses to prove said facts; that at that time, said witness stated that she did not remember whether or not she had been one of the subscribing witnesses, but that upon the occurrence of the above-mentioned conversation, said witness stated for the first time that she vividly remembered the contents of said will."

Proponents also filed an affidavit by Alene DeVore, reciting that on March 9, 1951, she was legal secretary for Emmett A. Klem; that he dictated the will of Cora M. Hunter to her; and that "I knew than and know now the contents of her said will," and was willing to testify to the same.

Contestants filed a counter-affidavit (12 O.S.1961, § 654) by their attorney, Tom Z. Wright, describing the hearings had in the County Court, and that at the first and second hearings Emmett A. Klem testified, "that the alleged will was dictated to Aline DeVore, his then secretary, and that while he could not recall the names of any of the subscribing witnesses thereon he was confident that she was one of the witnesses thereon," that at the County Court hearings and at the hearing in the District Court, Mr. Klem, "remarked off the record that he had talked with *Mrs.* DeVore by telephone and she simply did not remember whether or not she had been a witness to the will. That she could not help in the matter. That at one of said hearings Mr. Klem stated that *Mrs.* DeVore remembered typing the will but nothing else;" and urged that, with reasonable diligence, the alleged newly discovered evidence could have been discovered before trial.

Upon this record and briefs submitted by the parties, the trial court overruled the motion for new trial.

In addition to the above matters appearing in the record, it appears from proponents' brief that before the final judgment was rendered Miss DeVore visited the offices of Klem & Klem in Shattuck, Oklahoma, during the Christmas holidays of 1966, while both attorneys were absent, and stated to their secretary, Mrs. Nadine Hunter (wife of one of the proponents) that she recognized the typing as having been her work, and that she was employed by the firm on or about the date of the will, but said nothing further.

Proponents urge that the trial court erred in its construction and application of the law and facts and abused its discretion in overruling the motion for new trial, and that the newly discovered evidence would unquestionably change the result in a new trial.

They rely on our statute relative to grounds for new trial, 12 O.S.1961, § 651, one of which under Subd. 7, is "Newly-discovered evidence, material for the party applying which he *could not,* with *reasonable diligence,* have discovered and produced at the trial." (emphasis supplied)

It appears from the briefs that there is no dispute between the parties as to the state of the law in Oklahoma regarding the granting or refusing of a new trial where the ground urged is newly-discovered evi-

dence. Their dispute concerns the conclusion to be reached after examining the factual situation.

▮ It is well established in our decisions that in order to justify granting a new trial on the ground of "newly-discovered evidence" the evidence must fulfill certain requirements, *all* of which must be present. One of these requirements is that "it must be such as could not have been discovered before the trial by the exercise of due diligence." Vickers v. Phillip Carey Co., 49 Okl. 231, 151 P. 1023, L.R.A. 1916C, 1155, and States Exploration Company v. Reynolds, Okl., 344 P.2d 275, 281, 282.

▮ We have held that one seeking relief on a motion for new trial on the ground of newly-discovered evidence has the burden of establishing that his failure to produce such evidence at the trial was not due to a lack of diligence on his part. DuBoise v. DuBoise, Okl., 418 P.2d 924.

▮ It is also the general rule that courts view with disfavor motions for new trial based on newly-discovered evidence. We have said that they should be examined with caution. Vickers v. Phillip Carey Co., supra.

▮ In the present case the situation is not that of a witness whose existence and presence was totally unknown until through some circumstance her existence was "newly-discovered." Her existence and her employment at the time of the preparation of the will was at all times known by the proponents. It is true that there was a considerable lapse of time between the execution of the will and the time of the necessity of proving the will, but knowledge of the contents of the lost will existed in a person known to have been present when the will was prepared. Specific inquiry of Miss DeVore and a copy of the will for her examination would have revealed her knowledge of the contents before the hearing in the trial court and before rendition of judgment. Miss DeVore's affidavit stated that the will was dictated to her and "that I knew then and know now the contents of the" will.

In Levi v. Oklahoma City, 198 Okl. 414, 179 P.2d 465, we held that, "By reasonable diligence is meant appropriate action where there is some reason to awaken inquiry and direct diligence in a channel in which it would be successful."

Under this record we cannot say that the trial court abused its discretion in overruling proponent's motion for new trial.

Affirmed.

All Justices concur.