Christine JONES and Dale Jones,
Appellants,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, a foreign cor-
poration, Appellee.

No. 45937.

Court of Appeals of Oklahoma,
Division No. 1.

Feb. 12, 1974.

Released for Publication by the Court of
Appeals March 21, 1974.

Loren McCurtain, McAlester, for appellants.

Best, Sharp, Thomas & Glass by Joseph A. Sharp, Jack M. Thomas, Tulsa, for appellee.

BOX, Presiding Judge:

An appeal by Christine Jones and Dale Jones (Appellants), plaintiffs in the trial court, from an order overruling their Motion for a New Trial arising out of a suit against State Farm Mutual Automobile Insurance, a foreign corporation, (Appellee), defendant in the trial court.

Appellants originally instituted their action against the appellee seeking to recover damages under the uninsured motorist provision of a policy issued by appellee to appellants predicated upon certain judgments which were rendered in favor of appellants and against one Richard Richter, Jr. in the District Court of Pittsburg County. Appellee, in answer to the petition of appellants, pled as defenses certain violations of the policy contract by the appellants.

Thereafter, pursuant to authority granted by the trial court, appellants filed an amended petition in which they abandoned their attempts to collect the judgment recovered by them against Richard Richter, Jr. under the uninsured motorist provision of appellee's policy but instead attempted to recover said damages in a direct action against appellee. Appellee filed its answer to said petition and moved for summary judgment. After a hearing on said motion, the same was sustained and judgment entered in favor of appellee, as follows:

"June 2, 1972 Deft. granted permission to amend the motion for summary judgment by attaching the pre-trial order in Jones against Richtee, C–69–387, a companion case. Deft. granted summary judgment as amended, exceptions allowed. Notice of appeal is given in open court, all as per order of the court."

Thereafter, appellants filed their Motion for a New Trial setting up several statutory grounds. At the hearing appellants produced evidence relating to newly discovered evidence only. The trial court overruled the Motion for a New Trial and this appeal was perfected.

The record reveals the following in part transpired at the hearing on Motion for a New Trial:

"PROCEEDINGS HAD:

COURT:

"The parties appear by their respective attorneys and the hearing had on Motion for New Trial and evidence taken.

MR. THOMAS:

"Your Honor, may I for the purpose of the record, representing the defendant, I wish to state to the Court, if the Court will look at the plaintiff's Motion for New Trial, under paragraph number 4, which is the last line of page 1 and going over to the top of page 2, it talks about newly discovered evidence, material for the plaintiff which could not with reasonable diligence have been discovered and produced at the trial, which I assume is the hearing we had on June 2, 1972. It says the affidavit of Charles V. Foor, Attorney at Law, and Eddie Harper, Attorney at Law are attached hereto and made a part of plaintiff's Motion for a New Trial. Your Honor, if you will note that in the file, the affidavits of Mr. Foor and Mr. Harper have never to this date been attached nor were they attached in any respect during the 10 day period after this Court ruled on a Motion for Summary Judgment on the 2nd of June, 1972. It is very specific that it must be attached to the Motion for New Trial, and it was not attached to the Motion for New Trial and it is the position of the defendant, that paragraph #4 which is their grounds for a new trial are therefore waived since the affidavits, which must be attached, on the grounds of newly discovered evidence was not and this has been waived by the plaintiff as the grounds for a Motion for a New Trial.

"I would object to further testimony four weeks after the Motion for Summary Judgment was sustained and better than three weeks after the filing of the Motion for New Trial, during which time no affidavits were attached to the Motion for New Trial, which is required by the Statute, it must be attached to the Motion.

COURT:

"What statute is that?

MR. THOMAS:

"Title 12, Section 651 and cases thereafter. It is sub-division 7, your Honor.

The affidavits even to this moment that he makes reference to have not been attached to the Motion for New Trial.

COURT:

"I will reserve ruling until we hear this testimony."

The only testimony adduced revealed that the appellant proceeded on the theory of newly discovered evidence. 12 O.S.1971, § 651 reads as follows:

"New Trial—Definition—Causes for

"A new trial is a re-examination in the same court, of an issue of fact, after a verdict by a jury, the approval of the report of a referee, or a decision by the court. The former verdict, report or decision shall be vacated, and a new trial granted, on the application of the party aggrieved, for any of the following causes, affecting materially the substantial rights of such party:

*   *   *   *   *   *

"Seventh. Newly-discovered evidence, material for the party applying, which he could not, with reasonable diligence, have discovered and produced at the trial."

12 O.S.1971, § 654 reads as follows:

"Application, how made—Affidavits

"The application must be by motion, upon written grounds, filed at the time of making the motion. The causes enumerated in subdivisions two, three, seven, and nine of Section 5033 [12 O.S. 651], must be sustained by affidavits, showing their truth, and may be controverted by affidavits."

In the case of Hunter v. Hunter, Okl., 470 P.2d 1020, the Oklahoma Supreme Court stated:

"They rely on our statute relative to grounds for new trial, 12 O.S.1961, § 651, one of which under Subd. 7, is 'Newly-discovered evidence, material for the party applying, which he *could not,* with *reasonable diligence,* have discovered and produced at the trial.' (Emphasis added.)

*   *   *   *   *   *

"It is well established in our decisions that in order to justify granting a new trial on the ground of 'newly-discovered evidence' the evidence must fulfill certain requirements, *all* of which must be present. One of these requirements is that 'it must be such as could not have been discovered before the trial by the exercise of due diligence.' Vickers v. Phillip Carey Co., 49 Okl. 231, 151 P. 1023, L.R.A.1916C, 1155, and States Exploration Company v. Reynolds, Okl., 344 P.2d 275, 281, 282.

"We have held that one seeking relief on a motion for new trial on the ground of newly-discovered evidence has the burden of establishing that his failure to produce such evidence at the trial was not due to a lack of diligence on his part. DuBoise v. DuBoise, Okl., 418 P. 2d 924.

"It is also the general rule that courts view with disfavor motions for new trial based on newly-discovered evidence. We have said that they should be examined with caution. Vickers v. Phillip Carey Co., supra.

\*       \*       \*       \*       \*       \*

"In Levi v. Oklahoma City, 198 Okl. 414, 179 P.2d 465, we held that, 'By reasonable diligence is meant appropriate action where there is some reason to awaken inquiry and direct diligence in a channel in which it would be successful.' "

Further, 12 O.S.1971, § 991(b) reads as follows:

"If a motion for a new trial be filed and a new trial be denied, the movant may not, on the appeal, raise allegations of error that were available to him at the time of the filing of his motion for a new trial but were not therein *asserted*." (Emphasis added.)

Black's Law Dictionary, Fourth Edition, defines the word "assert" as follows:

"Assert—To state as true, declare: Maintain."

As heretofore set out, the only theory *asserted* at the hearing on appellant's motion for a new trial was newly discovered evidence. We find no cases from our Supreme Court on the exact meaning of the wording of 12 O.S.1971, § 991(b). We hold that regardless of the reasons set out in parties' motion for a new trial, if they are not *asserted* before the trial court, same cannot be reviewed by this court. Otherwise the trial court would not be properly apprised of the contentions of error of the party seeking a new trial. Thus the trial court would not be in a position to correct said error at the trial level, and eliminate the need for an appeal.

After a thorough review of the record before this Court and for the reasons set out, we hold that the trial court did not commit error in overruling appellant's Motion for a New Trial.

Affirmed.

ROMANG and BAILEY, JJ., concur.