### McVEAN v. CHALLES.

No. 26975. June 1, 1937.

Rehearing Denied June 29, 1937.

Margaret McVean, for plaintiff in error.

Bob Howe and John Howard Payne, for defendant in error.

GIBSON, J. This appeal comes here from the district court of Oklahoma county and grows out of an action commenced therein by certain parties against the plaintiff in error and defendant in error, and others, to quiet title. For convenience the plaintiff in error will be referred to herein as defendant, and the defendant in error as plaintiff. The rights of other parties to said action are not involved here.

Plaintiff, by her answer and cross-petition filed in said cause, sought to recover an undivided 1/9 interest in and to the premises in question from the defendant and to quiet her title thereto. Upon issue being joined between the present parties, judgment was rendered against defendant and in favor of plaintiff as prayed for.

Two days subsequent to the rendition of said judgment, the defendant filed in said cause the following motion:

"Motion to Correct or Modify Judgment.

"Comes now Margaret McVean, defendant, and moves the Honorable Court to correct or modify its judgment, rendered herein on the 20th day of May, 1935, under grounds provided in subdivision 4, section 810, C. O. S. 1921, Oklahoma.

"Margaret McVean."

The foregoing motion was filed May 22, 1935. Four or more weeks subsequent thereto, defendant filed her successive mo-

tions denominated, respectively, "Amended Motion to Vacate Judgment" and "Motion to Vacate Judgment."

Thereafter, on the 20th day of August, 1935, the court overruled the motion of May 22, 1935, entitled "Motion to Correct or Modify Judgment," holding that said motion was not a motion for new trial filed within time upon which the court may review the judgment theretofore rendered. From this order the defendant prosecutes this appeal.

After an examination of the assignments of error and the brief of defendant it becomes apparent that the original motion of May 22, 1935, and all subsequent motions are treated by defendant as one motion for new trial on the assumption that the subsequent motions are amendments of the original.

The original motion sought to correct or modify the judgment on the ground of fraud practiced by the successful party in obtaining the judgment, 'as provided in subdivision 4, section 556, O. S. 1931.

The successive amendments or motions, all filed out of time as provided by section 400, O. S. 1931, sought to modify or vacate the judgment upon grounds wholly unrelated to the ground assigned in the original motion. They cannot be considered as amendments to the original motion as a motion for new trial for the reason that they set up independent grounds therefor unrelated to the ground assigned in the original motion. Rice v. Folsom, 32 Okla. 496, 122 P. 236; Rogers v. Quabner, 41 Okla. 107, 137 P. 361. In those cases this court stated the following rule:

"A motion for a new trial may be amended, after the three days allowed by the statute for filing the motion, by a clearer, more appropriate statement or elaboration of the grounds originally set up; but such an amendment, filed after the statutory time has expired, cannot set up new and independent grounds therefor."

The subsequent motions were therefore unrelated to the original motion and no ruling was had on any of the same. The court overruled the original motion on the ground that it was not a proper motion for new trial, and that the judgment had become final.

If the motion of May 22nd was intended as a motion for new trial under the provisions of section 398, O. S. 1931, it assigns no ground for new trial unless it may be said that the motion charges misconduct of the prevailing party as provided in sub-

division 2 of said section. If such was the intention, it does not meet the requirements of section 401, O. S. 1931, for the reason that the motion is not sustained by affidavit as required in said section 401. Under the provisions of the latter section a motion assigning the grounds set out in subdivisions 2, 3, 7, and 9, section 398, supra, must be verified by proper affidavit. See, also, Bryan v. Ramsey, 115 Okla. 133, 242 P. 222.

Neither could the original motion be considered as a petition or motion to vacate judgment under authority of section 556, O. S. 1931, et seq., for the reason that the motion was not verified as required by section 558, O. S. 1931, and for the further reason that the defendant failed to show valid defense to the action as required by section 560, O. S. 1931.

The subsequent motions herein referred to were not acted upon by the trial court and are therefore not entitled to further consideration here.

For the reasons herein stated, the judgment of the trial court overruling the motion is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and CORN and HURST, JJ., concur.