**Paul HANSEN, Plaintiff In Error,**

**v.**

**C. M. CUNNINGHAM and Dorothy Luella Cunningham, Defendants in Error.**

No. 36558.

Supreme Court of Oklahoma.

June 28, 1955.

Harlan S. Trower, Jack J. Ferguson, Jack I. Gaither, Tulsa, for plaintiff in error.

Coffey & Coffey, Tulsa, for defendants in error.

CORN, Justice.

This appeal presents for consideration a question arising out of a factual situation heretofore considered by this court. See Hansen v. Cunningham, Okl., 258 P.2d 906. Because the reported case, supra, contains a thorough exposition of the matters disclosed by the pleadings and the evidence, for the sake of brevity we shall summarize only the salient facts, which provide the basis for this appeal.

This action was brought to recover damages for injury to plaintiff's car, alleged to have resulted from defendant's negligence. On August 17, 1950 one Hostick was driving plaintiff's automobile east on Sixth street in Tulsa, Oklahoma. This is a through street, protected from traffic on intersecting streets by stop signs. The afternoon of the accident defendant, Dorothy Cunningham, wife of the defendant C. M. Cunningham, was driving the family automobile south on Troost street. Defendant stopped at the stop sign on Troost, preparatory to entering the intersection. Her view was obstructed by buildings, and it was necessary to pull out beyond the stop sign in order to have an unobstructed view of Sixth street in both directions. Her testimony was that she stopped, pulled out past the curb line of the intersection, and after looking in both directions and observing no oncoming vehicles drove into the intersection in low gear. When approximately three-fourths of the distance across the intersection her vehicle was struck by plaintiff's car. Defendant testified it was possible to see several blocks along Sixth street, but she did not see plaintiff's car until it struck her vehicle. The trial court sustained defendant's demurrer to plaintiff's evidence upon the ground same was insufficient to establish negligence.

From such adverse judgment plaintiff appealed to this court. In that case a decision was rendered reversing the judgment of the trial court and remanding the case for a new trial for the reasons stated in Syllabus 2, Hansen v. Cunningham, supra, as follows:

"Where the evidence as to an auto accident in the City of Tulsa revealed that plaintiff's auto was traveling a through street and defendants' auto entered one of its intersections from a side street without yielding it the right of way, when plaintiff's car was 40 feet from the intersection and traveling no more than 25 miles per hour, the questions of whether defendants' driver violated Section 139(c) of said City's Traffic Ordinances and was guilty of negligence constituting the proximate cause of the accident should have been submitted to the jury; and the trial court's order sustaining defendants' demurrer to the evidence was error."

Following reversal and remand of the case the matter again was set down for trial. Defendant, C. M. Cunningham, was granted leave to file an amended answer making general denial, and specifically denying defendant (his wife) was acting as his agent or servant at the time of the accident. The evidence at this second trial was essentially the same as that adduced at the first trial which, in the cited case, was held sufficient to require determination of the jury as to whether defendant's negligence was the proximate cause of the accident. Plaintiff confessed C. M. Cunningham's demurrer to the evidence, based upon lack of evidence to show the defendant wife's agency, thereby relieving this demurring defendant of responsibility.

At the close of all the evidence the case was submitted to the jury under appropriate instructions. The jury thereafter returned a unanimous verdict for plaintiff; fixing the amount of his recovery at the actual amount of damages to his automobile as shown by competent evidence. Defendant thereafter filed motion for new trial, and upon presentation the trial court sustained such motion and entered judgment in accordance with such determination. The plaintiff made no request that the trial court state the reason for granting defendant's motion for new trial, and no reason was assigned for such action.

The appeal from the trial court's order and judgment is predicated solely upon what plaintiff asserts was an arbitrary and capricious act involving an abuse of the sound judicial discretion ordinarily vested in a trial court.

In seeking to uphold the propriety of the trial court's action in sustaining the motion for new trial defendant argues that it was unnecessary for the trial court to assign any reason therefor since, by such ruling, the court clearly indicated conscientious disagreement with the jury's verdict as being unsupported by the evidence, and contrary to both the law and the evidence. A number of our decisions are cited and relied upon in support of this argument, all of which are based upon the general rule expressed in Oklahoma City v. Drinkwater, Okl., 271 P.2d 1108, 1109, wherein the syllabus states:

> "Trial court is vested with broad discretion in granting or denying new trial, and its action in granting new trial will not be disturbed on appeal unless it clearly appears that court erred in some pure, simple and unmixed question of law, or, that it acted arbitrarily, or capriciously."

Decisions from other courts are cited holding to the same effect. In view of our numerous pronouncements upon this matter it is unnecessary to refer to these decisions since they, as is true of our own cases, merely reiterate the established general rule.

Plaintiff concedes the long accepted rule to be that relied upon by defendant. And, also, that such rule is further extended by a multitude of cases which require that, when a new trial has been granted, the showing required for reversal of the trial court's ruling must be stronger than in instances where the motion has been denied. Hildebrand v. Harrison, Okl., 263 P.2d 174. However, plaintiff urges that the broad discretion reposed in the trial court is not an absolute, arbitrary discretion but must be a *sound legal discretion* which is to be exercised in discovering the course prescribed by recognized principles of law. See Bates v. Winkle, 208 Okl. 199, 254 P.2d 361. Because of the apparent merit in plaintiff's argument we necessarily consider the matter in the light of the question as to when, and under what circumstances a trial court's ruling is to be denominated an exercise of sound legal discretion, or an arbitrary and capricious act.

Defendant's motion for new trial set forth five specifications as grounds therefor. The first of these was, in substance, subdivision 1 of 12 O.S.1951 § 651. The third ground was under subdivision 8 of the statute, supra, while the fourth and fifth grounds both asserted matters which may be raised under subdivision 6. The second ground sought to be relied upon was based upon subdivision 2 of the statute.

█ As respects the second ground asserted in defendant's motion it is plain the trial court could not have based his ruling thereon, since not properly before the court for consideration. 12 O.S.1951 § 654 provides that subdivision 2 of section 651 (among others) must be sustained by affidavit. In McVean v. Challes, 180 Okl. 375, 69 P.2d 382, it was pointed out that a motion for new trial based upon subdivision 2 of our statute does not meet the requirements of the statute (section 654) when not supported by affidavit.

Under the circumstances it is apparent the trial court necessarily had to find authority for his ruling under the three remaining subdivisions of the statute. Examination of this record discloses no irregularity in the proceedings, either in preliminary

matters or in actual trial of the case, which prevented defendant from having a fair trial.

Thus, if any reason exists to support the trial court's ruling, it necessarily must rest upon subdivision 6 or 8 of the statute, which provides:

"Sixth. That the verdict, report or decision is not sustained by sufficient evidence, or is contrary to law."

"Eighth. Error of law occurring at the trial, and excepted to by the party making the application."

 Careful examination of this record fails to disclose any error of law occurring in the trial of the case. The instructions given fairly and correctly advised the jury upon the rules of law applicable to governing the jury's consideration and determination of the matter. Hence it must follow that the trial court's action cannot be upheld unless it may be said that the jury verdict was contrary to the evidence, or not sustained by sufficient evidence. The reported case, supra, contains an excellent statement of the evidence relative to the physical surroundings and manner in which the accident occurred. Because the evidence at the trial of the present case was identical, in substance, with that introduced at the first trial it is unnecessary to extend this discussion by a repetitious narrative thereof. It is sufficient to state that this record appropriately discloses sufficient competent evidence to reasonably support the verdict rendered by the jury.

 The rule properly applicable to the present case is expressed in Russell v. Margo, 180 Okl. 24, 67 P.2d 22, syllabus 1 as follows:

"Where it is sought on appeal to reverse an order of the trial court granting a new trial, where the issues raised necessitate such an examination, this court will examine the entire record in the case to determine whether or not the trial court has, in granting such new trial, abused its discretion, acted arbitrarily, or erred on some unmixed question of law."

We have pointed out, in a great number of cases, that the discretion vested in a trial court is a *sound legal discretion* to be applied in accordance with recognized principles of law, rather than an arbitrary discretion to be exercised at will by a trial court. And under the rule in Russell v. Margo, supra, we will examine the entire record in determining whether a trial court has abused its discretion or acted arbitrarily. The basis of the rule is that, unless the appellate court's right to such review be recognized, trial courts, when purporting to exercise their discretion, could abrogate completely the right of appeal. See Spruce v. Chicago, R. I. & P. R. Co., 139 Okl. 123, 281 P. 586; Kurn v. Cochran, 181 Okl. 205, 73 P.2d 433; Russell v. Margo, supra; and Aldridge v. Patterson, Okl., 276 P.2d 202, at page 204, wherein we said:

"As has been indicated in previous cases, if allowed the unbridled substitution of his own opinion for that of the jury, he could in effect partially abrogate both our jury system and right of appeal by repeatedly setting aside successive verdicts and granting new trials until a verdict was returned that conformed to his own personal idea of an adequate recovery."

 No reason was given for the trial court's ruling. Careful examination of this record discloses nothing more than that matters involved were submitted to, and determined by a jury under evidence which reasonably supported the verdict. The only justifiable conclusion under such circumstances is that the trial court's action was arbitrary and capricious, rather than an exercise of the sound legal discretion ordinarily vested in a trial court.

The judgment is reversed and the cause remanded with directions to the trial court to vacate the order sustaining the motion for new trial and enter judgment in accordance with the verdict of the jury.

JOHNSON, C. J., WILLIAMS, V. C. J., and WELCH, HALLEY, BLACKBIRD and JACKSON, JJ., concur.