Truman JONES, owner and operator of Truman Jones Floor Sanding Co., Plaintiff in Error,

v.

Henry T. MYERS and Lottie M. Myers, husband and wife, Defendants in Error.

No. 38220.

Supreme Court of Oklahoma.

Nov. 18, 1958.

Charles F. Burns, Miami, for plaintiff in error.

Jack C. Brown, Miami, for defendants in error.

### PER CURIAM.

This is an action by defendants in error, plaintiffs below, to recover damages arising out of a fire, which occurred in a house owned by them, while plaintiff in error, defendant below, was refinishing the floors. The appeal is from the trial court's order granting said plaintiffs a new trial, after a judgment upon a unanimous jury verdict had been entered for said defendant. We will continue our reference to the parties by their trial court designations.

Plaintiff's action is founded upon the alleged negligence of defendant while he was performing the work of refinishing the floors. In their petition, plaintiffs alleged that they had employed defendant to do this work; that the floor filler used by defendant was ignited by reason of his failure to "use due care in inspecting" the house; "that said floor was ignited by either an electrical spark or gas pilot light"; that defendant was negligent in failing to properly inspect the tools and implements used in finishing the floor; and that he was also negligent in working with a highly inflammable product. Defendant answered by pleading a general denial, contributory negligence, and unavoidable accident.

The job for which plaintiffs employed defendant involved sanding the floors to remove the old finish, applying a filler to conceal the cracks, buffing this material to smooth the floor, and applying the new finish. The defendant used electric motor driven machines in performing his work, and the buffing machine was a safety appliance which was not supposed to emit sparks. The filler applied to the floors was a commercial product which is applied with a solvent. As applied, it was inflammable, as are other commercial fillers. In the buffing operation, surplus filler and refuse accumulated on the floor, and the fumes that were present from this were a fire hazard. However, before proceeding with this part of the job, the defendant had turned off the gas line to the house at the meter outside the building and had checked to be sure that all flames in gas appliances were extinguished. Defendant also connected his buffer to an electric outlet in a room in which the floors were not being refinished. He had buffed the living room and hall of the house and was working on a bedroom when the flash fire occurred. The fire came into the bedroom from the hall; it did not originate in that room. Plaintiff produced opinion testimony to establish that the fire could have resulted from spontaneous combustion of the filler if it were left in piles on the floor for twenty to thirty minutes, although it had never happened to this witness. The witness further qualified his answer when, on cross-examination, he stated that the temperature in the house would have to be 80 to 90 dègrees for spontaneous combustion to occur. The witness also stated that he did not think there would be spontaneous combusion of this material if there was less than a dust pan of the refuse scattered over the area involved, although a small amount could be ignited by friction. Defendant's testimony was that it was a cool day with a temperature of about 75 degrees, that there was no more than half a dust pan of excess filler on the floor at the time of the fire, and that it had not been on the floor more than ten

**34**

to fifteen minutes. Defendant also testified concerning the manner in which he performed the work, the precautions he took, and his belief that the fire originated at an electric outlet in the living room which, after the fire, he discovered was more badly damaged than any of the others in the house.

The court submitted the case to the jury under instructions which included one on the doctrine of res ipsa loquitur, and another on the degree of care required of persons having control of explosives. The only two instructions requested by plaintiffs were given by the court, and they made no objection to any of the other instructions. As we have already noted, the jury returned a unanimous verdict for the defendant. The plaintiffs' motion for a new trial alleged four grounds: Irregularity in the proceedings, insufficient evidence to sustain the verdict, the verdict was contrary to the instructions, and the trial court's refusal to give plaintiffs' requested instructions. The last of these was evidently inadvertently included since the record reveals that the trial court gave the only two instructions requested by the plaintiffs. The trial court's original order granting a new trial based its action on the court's conclusion "that the verdict was contrary to and in disregard to the court's instructions." This order was stricken on defendant's motion because it failed to include his notice of appeal. The court's order, as it was finally filed, does not specify any particular reason for its action.

■ Plaintiffs insist that the action of the trial court in this case is within its discretionary authority, which will not be disturbed on appeal. Graves v. Lewis, Okl., 327 P.2d 672. Trial courts do have broad discretion in the matter of granting new trials. But this discretion is not unqualified; it is its "sound legal discretion", the exercise of which will not be disturbed. A trial court's authority in ruling on motions for a new trial is not so broad as to support decisions which might be termed arbitrary or capricious. McMahan v. Mc-

Cafferty, 205 Okl. 656, 240 P.2d 443; Benedict Bros. Const. Co. v. Davoult, Okl., 266 P.2d 960; Aldridge v. Patterson, Okl., 276 P.2d 202, 203; Hansen v. Cunningham, Okl., 285 P.2d 432; Fry v. Alexander, Okl., 290 P.2d 397.

■■ In their brief, plaintiffs have cited no ruling of the court in the trial of this action which they contend was harmful to them. Likewise, the court's order does not note any specific ruling as a basis for its conclusion, or assert that the judgment fails to meet with its affirmative approval. Therefore, we carefully examined the entire record. Russell v. Margo, 180 Okl. 24, 67 P.2d 22. From this examination, we discerned no irregularity in the proceedings harmful to plaintiffs, either in the preliminary matters or in the actual trial of the action. The question of liability was properly submitted to the jury under instructions favorable to the plaintiffs, and we find no basis in the record to support a conclusion that the jury failed to follow these instructions. Obviously they concluded, even in view of the instructions on res ipsa loquitur and the degree of care required, that the defendant was not negligent. The verdict of the jury is reasonably supported by the evidence. It follows that our conclusion must necessarily be that the trial court's ruling does not meet the test of "sound legal discretion." Hansen v. Cunningham, supra [285 P.2d 435].

The order granting a new trial is reversed and the cause is remanded with directions to enter judgment in accordance with the verdict of the jury.

The Court acknowledges the aid of the Supreme Court Commission in the preparation of this opinion. After a tentative opinion was written by the Commission, the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.

CORN, V. C. J., and DAVISON, HALLEY, WILLIAMS, BLACKBIRD and JACKSON, JJ., concur.