The ATCHISON, TOPEKA AND SANTA FE
RAILWAY COMPANY, a corporation,
Plaintiff in Error,

v.

Eugene MARZUOLA, Defendant in Error.

No. 41298.

Supreme Court of Oklahoma.

Sept. 27, 1966.

Rainey, Flynn & Welch, Oklahama City, Loeffler & Allen, Sapulpa, for plaintiff in error.

Pat Malloy, Tulsa, Norman M. Iverson, Arkansas City, Kan., for defendant in error.

DAVISON, Justice.

This is an appeal by The Atchison, Topeka and Santa Fe Railway Company (defendant below) from an order of the trial court granting a new trial to plaintiff, Eugene Marzuola, after a unanimous jury verdict for defendant in an action brought under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., to recover for personal injury sustained while working for defendant in interstate commerce.

Plaintiff, who was admittedly a brakeman employee of defendant, alleged (inter alia) in his petition that defendant, while engaged in interstate commerce, negligently and in violation of the Federal Employers' Liability Act failed to provide plaintiff with a reasonably safe place to work in that it permitted and allowed a large, foreign, solid piece of material to accumulate adjacent to the track, which struck his foot and caused his leg to be violently wrenched. Plaintiff alleged he sustained painful and permanent injury to his left knee whereby he had been unable to work in the past and that his ability to work, if not totally destroyed, had been greatly diminished and impaired, all to his damage in the sum of $95,000.

Defendant answered by general denial, that plaintiff's injuries, if any, were proximately caused by his own negligent acts, and that plaintiff was guilty of contributory negligence.

Defendant presents several alleged grounds of error on the part of the trial court in granting plaintiff's motion for new trial, including the ground that the trial

court abused its discretion and did not exercise a sound legal discretion. It is our opinion that this alleged error is determinative of this appeal.

■ The parties recognize the rule that when a motion for new trial has been granted, the showing required for reversal of such ruling must be stronger than in instances where the motion has been denied. Hansen v. Cunningham, Okl., 285 P.2d 432, 434. And requires a clear showing of manifest error and an abuse of discretion to justify a reversal of such ruling. Houston v. Pettigrew, Okl., 353 P.2d 489, 493.

■■ In Cosmo Construction Company v. Loden, Okl., 352 P.2d 910, we stated:

"The discretion vested in a trial court in granting or denying a new trial is a sound legal discretion to be exercised in accordance with recognized principles of law.

\* \* \* \* \* \*

"Where Supreme Court determines that trial court acted arbitrarily, clearly abused its discretion, or erred on some pure, unmixed question of law in granting or denying new trial, order of trial court will be reversed."

When the plaintiff's motion for new trial was sustained the defendant did not request the court to state his reasons for such ruling and the judge gave no reason, either at that time or in the order, for his action. In view of these circumstances we have made a careful examination of the entire record in order to determine whether or not the trial court acted arbitrarily, abused its discretion, or erred on some unmixed question of law. Russell v. Margo, 180 Okl. 24, 67 P.2d 22, and Jones v. Myers, Okl., 332 P.2d 32.

Plaintiff's motion for new trial sets forth four grounds therefor. The first of these is that the court erred in admitting certain evidence. Plaintiff did not specify the incompetent evidence and does not cite or present the same in his brief in justification of the grant of new trial. Nor do we find any from our examination of the record.

■ Another ground set forth in the motion for new trial was that the verdict was contrary to and in disregard of the court's instructions. Neither party made any objection to the instructions. It necessarily follows from this specification of error that plaintiff was satisfied with the instructions given and accepted them as fairly and substantially informing the jury as to the issues and the applicable law in their consideration of the evidence in an action for injury pursuant to the Federal Employers' Liability Act, supra.

■ The remaining specifications of error in the motion for new trial were failure of the court to direct a verdict for plaintiff and that the verdict was not sustained by evidence and was contrary to law. This proposition requires an examination of the evidence, and a statement of the law concerning the effect of the jury's verdict and the conclusive character thereof, in actions under the Federal Employers' Liability Act.

It appears, without any doubt, that plaintiff suffered an injury to his left knee on November 29, 1960, at about 11:20 at night, while an employee of the defendant and engaged in the performance of his duties. At about that time the freight train on which plaintiff was a brakeman was going north and was to stop in Edmond, Oklahoma, preliminary to detaching a box car (immediately behind the engine) from the train and placing it on a sidetrack. Plaintiff testified he got off the engine and when the train stopped he uncoupled the car from the rest of the train and then walked to the head of the car and, after the car and engine had started and gained some momentum, he uncoupled the car from the engine. The procedure being followed was that the engine would pass over the switch, which would then be changed by another brakeman, and the car diverted to the sidetrack, and plaintiff would grasp the ladder at the rear of the car as it passed him and climb to the top and apply the hand-

brake, so the car would stop on the side-track.

Plaintiff testified that as the car rolled free past him he grasped the ladder on the side of the car with both hands and placed his right foot on a ladder rung, and "when I started to come up with my left foot is when it caught—my momentum was going in a Northerly direction and that is when it hit on the outside of my foot some way and snapped my knee," and that he got off and called the other brakeman to take care of the car; that in his best judgment his left foot struck "a railroad tie laying alongside of the track" not a part of the road bed; and that he was carrying a signal lantern at the time. In other portions of his testimony the plaintiff stated relative to the object his foot hit "I would not swear as to what it was, no sir," and "I would not make any sworn statement as to what it was, but in my best judgment I think it was a tie, laying adjacent alongside of the track," and admitted that on February 21, 1961, he gave a statement to the defendant that "When the rear end reached me, I got a hold of the side ladder and swung myself off of the ground. I had eight inch boots on and just as I went up from the ground preparing to swing myself on the car, I stepped on something on the ground and this caused my foot and leg to turn." and that in a written report of his injury to defendant, dated November 30, 1960, he stated "Steped on object Twisting Knee getting on car," and in a further injury report to defendant, dated December 1, 1960, plaintiff made a similar statement, and containing questions and plaintiff's answers as follows:

"3. In your opinion, was there any defects in tracks, cars, engine, tools, machinery or other appliances or place where you were working tending to cause the accident? If so, what, and give your reasons.

Answer: Not to my knowledge.

"4. In your opinion, was there any carelessness on the part of the company or anyone in the company's employ tending to cause the accident? If so, who, and give your reasons.

Answer: No.

"5. Could you by more care on your part have prevented your injury? If so, how?

Answer: No.

"6. Describe your injuries    Knee strained."

No person, other than plaintiff, saw what transpired when plaintiff twisted his knee. Plaintiff testified he made no investigation of the area at the time to discover the cause of his injury and apparently none of the members of the train crew made any investigation. Plaintiff returned to work several days after the injury. His knee was operated on in February, 1961, and in July, 1962, and, except for the periods of recuperation after the operations and two leaves of absence, he continued to work for defendant as brakeman and latterly as conductor to the time of trial.

█ It is well established that the Federal Act does not make the railroad an absolute insurer against personal injury damages suffered by its employees, and that the Act imposes liability only for negligent injuries. Wilkerson v. McCarthy, 336 U.S. 53, 69 S.Ct. 413, 93 L.Ed. 497.

This is a statutory negligence action and is significantly different from the ordinary common-law negligence action. Federal Employers' Liability Act, 45 U.S.C.A. Sec. 51 et seq. Section 51 provides for liability of a railroad to its employees for injuries resulting "in whole or in part" from negligence of its officers, agents or employees, "or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed * *, or other equipment." Section 53 provides that contributory negligence may only diminish damages and Sec. 54, as amended in 1939, eliminates assumption of risk by employee. These provisions caused numerous appeals from State and Federal Courts to the United States Supreme Court, in which it was held that such courts had invaded the province of the jury or that the

jury trial contemplated by the Act had been denied. See Rogers v. Missouri P. R. Co., 352 U.S. 500, 77 S.Ct. 443, 1 L.Ed.2d 493 (cases listed in footnote 26 at p. 510 of 352 U.S., at p. 451 of 77 S.Ct., at pp. 501, 502 of 1 L.Ed.2d). Thereby both the function of the jury and the effect of the jury's verdict was stated.

In Rogers v. Missouri P. R. Co., supra, the court stated:

" * * * The decisions of this Court after the 1939 amendments teach that the Congress vested the power of decision in these actions exclusively in the jury in all but the infrequent cases where fair-minded jurors cannot honestly differ whether fault of the employer played any part in the employee's injury. * * * "

In Tennant v. Peoria & Pekin Union R. Co., 321 U.S. 29, 64 S.Ct. 409, 412, 88 L.Ed. 520, 525, it was held:

" * * * It is the jury, not the court, which is the fact-finding body. It weighs the contradictory evidence and inferences, judges the credibility of witnesses, receives expert instructions, and draws the ultimate conclusion as to the facts. a very essence of its function is to select from among conflicting inferences and conclusions that which it considers most reasonable. * * * "

And in Lavender v. Kurn, 327 U.S. 645, 66 S.Ct. 740, 744, 90 L.Ed. 916, 923, it is also stated:

" * * * Whenever facts are in dispute or the evidence is such that fair-minded men may draw different inferences, a measure of speculation and conjecture is required on the part of those whose duty it is to settle the dispute by choosing what seems to them to be the most reasonable inference. * * * "

See also Missouri-Kansas-Texas R. Co. v. Brown, Okl., 348 P.2d 1069, 1071.

In a case involving liability under the Federal Act we stated in Atchison, T. & S. F. Ry. Co. v. Hicks, 208 Okl. 689, 258 P.2d 672, 673, as follows:

"The choice of conflicting versions of the way the accident happened, the decision as to whether a witness was telling the truth, the inferences to be drawn from uncontroverted as well as controverted facts, are questions for the jury."

 From our review of the record, we can only conclude that the jury must have decided there was no foreign object or tie alongside the track and that plaintiff had not shown defendant was negligent by reason of furnishing an unsafe place to work. Under the above statements of law this was a matter for the jury to decide.

It is our opinion the case was properly submitted to the jury and that, having rendered a verdict therein, the trial court did not exercise a sound legal discretion in granting a new trial.

For the reason stated the order granting a new trial is reversed with directions to reinstate the verdict and judgment rendered for the defendant.