W. S. Cheeyler COX, As Administrator of the Estate of Bentley A. Cox, Deceased, Plaintiff in Error,

v.

Joe W. BROUGHTON, Defendant in Error.

No. 41320.

Supreme Court of Oklahoma.

May 2, 1967.

Abernathy & Baker, Charles C. Baker, Shawnee, for plaintiff in error.

I. Jake Blevins, Ada, for defendant in error.

PER CURIAM.

This action grew out of a motor vehicle accident which occurred early in a July morning of 1962, when a Ford sedan owned and driven by one Bentley A. Cox collided with a truck-trailer owned and driven by defendant in error.

After institution of the present action by defendant in error, hereinafter referred to as "plaintiff", against Cox, as defendant for damages on account of said defendant's alleged negligent driving, resulting in alleged injuries both to said plaintiff's person and to his truck, Cox died, and, by revivor, his administrator, the plaintiff in error, was substituted for said decedent as the defendant in the action.

Thereafter, the administrator, hereinafter referred to as "defendant", filed an Answer And Cross-Petition, denying the allegations of plaintiff's petition as to his decedent's negligence, and specifically alleging negligence and/or contributory negligence on the part of plaintiff.

After joinder of the issues by the above mentioned pleadings and a Reply and Answer to Cross-Petition, the case was tried; and, after the overruling of motions by both parties for directed verdicts, the issues were submitted to a jury under instructions, not excepted to, nor claimed to contain error. By its verdict, the jury specifically determined that neither party should recover from the other; and judgment was rendered accordingly. Thereafter, the court sustained plaintiff's motion for a new trial on the sole ground that he "does not conscientiously agree with" the verdict.

Defendant lodges this appeal from said ruling on the ground that it was arbitrary and capricious, and constitutes an abuse of discretion.

We have examined the entire record and determined (as the trial court indicated by overruling both of the parties' motions for directed verdicts) that the allegations of negligence and contributory negligence in the respective pleadings of the two parties were sufficiently supported by competent evidence to be submitted to the jury for determination. In this situation, the trial court erred in granting a new trial solely because he did not agree with the jury's verdict. We have consistently held, as we did in Neely v. Morris, Okl., 333 P.2d 301, that:

"2. It is error for the trial court to grant a new trial upon the ground that he cannot conscientiously agree with the verdict of the jury, where negligence and contributory negligence are alleged and supported by competent evidence for the reason that these issues are for the jury to decide and the court cannot substitute his opinion for that of the jury."

See other cases cited in Cosmo Construction Company v. Loden, Okl., 352 P.2d 910, and Jones v. Myers, Okl., 332 P.2d 32. In the latter case, we said (p. 34):

"Trial courts do have broad discretion in the matter of granting new trials. But this discretion is not unqualified; it is its 'sound legal discretion', the exercise of which will not be disturbed. A trial court's authority in ruling on motions for a new trial is not so broad as to support decisions which might be termed arbitrary or capricious."

Following the above, the Jones Case cites a list of cases, including Hansen v. Cunningham, Okl., 285 P.2d 432, in which we quoted from Aldridge v. Patterson, Okl., 276 P.2d 202, at page 204, where, in speaking of a trial judge's sustaining of a motion for a new trial, we said:

"As has been indicated in previous cases, if allowed the unbridled substitution of his own opinion for that of the jury, he could in effect partially abrogate both our jury system and right of appeal by repeatedly setting aside successive verdicts and granting new trials until a verdict was returned that conformed to his own personal idea of an adequate recovery."

In accord with the foregoing, the order and/or judgment of the trial court sustaining plaintiff's motion for a new trial is hereby reversed with instructions to said court to vacate same and enter a new order and/or judgment overruling said motion.

The Court acknowledges the services of Clarence McElroy, who, with the aid and counsel of Wilson Smithen and Red Ivey, as Special Masters, prepared a preliminary advisory opinion. These attorneys had been recommended by the Oklahoma Bar Association and appointed by the Court. The Chief Justice then assigned the case to a Justice of this Court for review and study, after which and upon consideration by the Court, the foregoing opinion was adopted.

All the Justices concur.