Roger Lee BENNETT and Jeweldean Bradley, Plaintiffs in Error,

v.

Geraldine HALL, Defendant in Error.

No. 41565.

Supreme Court of Oklahoma.

May 23, 1967.

[redacted]

[redacted]

Alfred B. Knight, Tulsa, for Roger Lee Bennett.

Best, Sharp, Thomas & Glass, Joseph A. Sharp, Joseph F. Glass, Tulsa, for Jeweldean Bradley.

Chapman & Jones, by Walter Jones, Bristow, for defendant in error.

BERRY, Justice.

Plaintiffs in error, hereafter denominated defendants, have appealed from the trial court's order and judgment sustaining a motion for new trial urged by defendant in error, plaintiff below, after an adverse verdict. The only issue for determination involves the propriety of the trial court's ruling.

An intersection collision in Bristow, Oklahoma, precipitated plaintiff's action for damages for personal injuries. Plaintiff alleged she was a guest passenger in an automobile driven by defendant Bradley, which was traveling north at the intersection of Fourth and Main Streets; that Bradley stopped in response to a traffic light and, when the light changed to green, signaled for and began a left turn to enter Fourth Street; while turning left defendant stopped suddenly, whereupon a following vehicle operated by defendant Bennett struck the rear of the Bradley car. The petition charged the personal injuries for which she asked damages were approximately caused by various acts of separate, joint and commingled negligence of defendants.

Each defendant answered by general and specific denial of negligence, and also plead intervening negligence of the other defendant.

The case was tried to a jury who, after hearing the evidence and receiving the trial court's instructions, returned a verdict for defendants. Plaintiff filed motion for new trial, which the trial court heard and sustained for the following reason:

> "MR. GLASS: I will restate what the Court has just said in his allowing of a new trial and, Judge, correct me if I am wrong.
>
> "As I understand it the Court's reasoning for this new trial is that the verdict was contrary to the evidence, and to the instructions given the jury by the Court in that there was uncontroverted evidence as to plaintiff's medical and hospital bills and that the Court said in an off the record discussion that he felt the plaintiff should be entitled to recover at least something.
>
> "The Court: Yes."

[redacted] The argument in support of the trial court's judgment is that the uncontroverted evidence established that plaintiff's injuries resulted in some permanent disability. As a result of this accident plaintiff necessarily incurred medical and hospital bills, as to which defendants stipulated same were reasonable, necessary and proper. In view of these matters it is asserted that since plaintiff was entirely without fault and the reasonableness and necessity of the expenses was stipulated to, plaintiff was entitled to recover something and the trial court's act in granting a new trial simply was attempting to give her substantial justice. As authority for this argument plaintiff relies upon the general rule that a motion for new trial is addressed to the trial court's sound discretion and, absent error as to a pure and unmixed question of law, or arbitrary and capricious

action, every presumption should be indulged in favor of the trial court's ruling on appeal. See Acme Cab Co. v. Brown, 195 Okl. 164, 156 P.2d 367; Jay Nuckolls Truck Line, Inc. v. Stephens, Admx., Okl., 380 P.2d 248.

Three grounds were asserted as the basis for new trial: (1) total disregard of the evidence submitted by both plaintiff and defendants as to plaintiff's injuries and damages; (2) verdict contrary to the trial court's instructions; (3) under the pleadings and evidence the jury was required to find for plaintiff, and the verdict in defendants' favor was in complete disregard of the law and evidence. Upon these grounds plaintiff urged that she did not receive a fair trial, and asked that the jury verdict be set aside.

■ This is essentially the same argument that was considered in Cosmo Construction Co. v. Loden, Admx., Okl., 352 P.2d 910. In Cosmo attention was directed to the earlier decision in Croft v. Dodson, Okl., 310 P.2d 375, and to Hansen v. Cunningham, Okl., 285 P.2d 432. Cosmo, supra, stated the positive reason that for a trial court to exercise the unbridled prerogative of substituting its own opinion for that of the jury would amount to partial abrogation of the right to trial by jury. In this connection we pointed out that the discretion vested in a trial court is *sound legal discretion* applied in accordance with recognized principles of law, rather than an arbitrary discretion exercised at will. Hansen v. Cunningham, supra; Bishop's Restaurant, Inc., of Tulsa, v. Whomble, Okl., 355 P.2d 560.

More recently, in Atchison, Topeka & Santa Fe Ry. Co. v. Marzuola, Okl., 418 P.2d 625, the same problem again was considered. In that case the motion for new trial asserted four grounds, which attacked the sufficiency of the evidence, the instructions, failure to direct a verdict for plaintiff, and that the verdict was not sustained by the evidence and was contrary to law. In reversing the judgment granting new trial we found it unnecessary to consider errors alleged to have resulted from admission of incompetent evidence, and from the instructions given, neither matter being presented on appeal. The two remaining grounds, involving sufficiency of the evidence, were held to require examination of the evidence and a statement of the law relative to the effect, and conclusive character of the jury's verdict. After reviewing the evidence relative to the claim of negligence, we concluded the issue of negligence was for the jury to decide. And, since the case properly had been submitted to the jury and a verdict rendered for the defendant, we found the trial court did not exercise a sound legal discretion in granting a new trial.

■ The reasoning in Marzuola, supra, and the application of the law as there set forth control in this appeal. No error of law occurring during the trial of the case is shown on appeal. The determination of the weight and value to be accorded to conflicting evidence concerning the accident, and the inferences to be drawn therefrom, were questions of fact solely for the jury's consideration in determining whether plaintiff's alleged injuries proximately were caused by separate or concurring negligence of the defendants. Examination of the record supports the jury's conclusion that defendants were not guilty of actionable negligence. The case properly was submitted to the jury, who rendered a verdict adverse to plaintiff. The trial court lacked authority to substitute its judgment for that of the jury, and thus did not exercise sound legal discretion in granting the motion for new trial.

The judgment is reversed and the cause remanded to the trial court, with directions to enter judgment for defendants upon the jury verdict.

JACKSON, C. J., and DAVISON, WILLIAMS, BLACKBIRD, HODGES, LAVENDER and McINERNEY, JJ., concur.