Cyrus CRUM, Plaintiff in Error,

v.

Harold D. CLARK, Defendant in Error.

No. 42256.

Court of Appeals of Oklahoma,
Division No. 30.

Jan. 6, 1970.

Alex Cheek, Oklahoma City, for plaintiff in error; Cheek, Cheek & Cheek, Oklahoma City, of counsel.

Morton Y. Loar, Oklahoma City, for defendant in error.

LAVENDER, Presiding Judge.

In this appeal from an order of the trial court sustaining the plaintiff's motion for new trial we are asked to reverse that order and remand the case to the trial court with directions to reinstate the jury verdict for the defendant and to enter judgment thereon and in accordance therewith.

The parties will be referred to as they appeared in the trial court.

The defendant urges here that the trial court clearly abused its discretion in sustaining the plaintiff's motion for new trial and that the trial court erred on a pure, unmixed question of law in granting the new trial contrary to the rules of law recognized by the Supreme Court in Atchison, Topeka and Santa Fe Ry. Co. v. Marzuola (1966), Okl., 418 P.2d 625, and similar cases.

The trial court's judgment sustaining the motion for new trial contained the following:

"* * * finds that said Motion for New Trial should be sustained by reason of error committed during the trial of this cause appearing on the record and errors appearing not on the record, and an irregularity occurring during voir dire examination wherein counsel for defendant made a statement before the jury panel to the effect 'that the defendant had no insurance' or 'that no insurance company was involved as a defendant', thereby prejudicing the right of plaintiff to a fair trial and thereafter error committed by the Court in failing to instruct the jury as requested by plaintiff in his Requested Instruction Number 9."

This action was brought by the defendant-in-error, plaintiff below, to recover for alleged personal injuries and consequential medical expenses he said resulted when he fell some thirty feet from a scaffold while he was engaged in painting the exterior of the defendant's home. The plaintiff relied upon an alleged failure of the defendant to furnish plaintiff a scaffold so equipped that the floor boards would not move about with plaintiff as he worked and caused plaintiff to fall. No one witnessed the accident except the plaintiff, but he testified that the floor boards of the scaffold moved and fell causing him to in turn fall. There was a great deal of dispute in the evidence. For one thing, the defendant categorically denied an alleged conversation between him and plaintiff whereby he acknowledged the defective condition of the scaffold and promised to remedy it. Defendant had borrowed the scaffold from a friend who was in the business of renting and selling such equipment. That person testified in effect that there was nothing wrong with the way the scaffold was constructed; that it was used thereafter by other con-

tractors without any difficulty and that scaffolding of similar construction was used daily in the construction business without anyone falling from it because of any defect in the way in which it was constructed. It is worth noting also that although there was testimony upon which the jury could have based a verdict for damages to the plaintiff for permanent injury there was developed during the cross-examination of plaintiff, a rather serious inconsistency in his testimony. He had testified that subsequent to the injury he was unable to work. On cross-examination however, he admitted that rather soon after the injury he commenced working for a construction company in Louisiana; that he worked steadily at that employment until he fell and injured his back for which he then had pending a claim for workmen's compensation benefits. He failed to mention this subsequent injury—apparently of rather a serious nature—to his own medical witness when the latter examined him preparatory to the trial of this case. After hearing all of the evidence and the court's instructions, the jury returned its verdict for the defendant.

The question, as we view it, is, assuming the "findings" of the trial court's judgment, supra, to be correct, was it error as a matter of law for the trial court to conclude therefrom that plaintiff had not had a fair trial and that his motion for new trial should be granted? We are concerned additionally with whether it was error for the trial court to refuse to give the plaintiff's requested Instruction Number 9. That instruction was as follows:

"During the course of this trial remarks have been made before the jury, by counsel, to the effect that there is no insurance company as a defendant in this lawsuit.

"You are instructed that the law of this state does not require or permit an insurance company to be a party defendant in a lawsuit of this nature."

After the defendant's counsel had made the remark to the jury which he is said to have made, the parties and the trial court, outside of the presence or hearing of the jury, entered into the following colloquy:

"Mr. Loar: (one of the plaintiff's attorneys) Comes now the plaintiff and objects to the remark of Defendant's counsel to the effect that 'there is no insurance involved in this case,' and we request the Court to clarify to the Jury that Mr. Cheek's remark was intended to be to the effect that there is no party defendant insurance company in this case; and further to admonish the jury that whether or not the defendant has—is protected by insurance is not a factor for them to consider.

"The Court: Is that the only relief you are seeking at this time?

"Mr. Loar: Yes, it is.

" * * * "

and then sometime later in the same exchange:

"The Court: Well, he (plaintiff) might be entitled to a mistrial if he asks for one.

"Mr. Cheek: (attorney for defendant) Well, he might be, at this time; not after we try the case.

"The Court: You've got to make up your mind one way or the other.

"Mr. Loar: Ma'am?

"The Court: I say, you lawyers have got to make up your mind one way or the other.

"Mr. Loar: I'm not going to move for a mistrial."

Thereafter, the jury was admonished by the trial court as follows:

"The Court: All right, ladies and gentlemen of the jury, the Court now advises you that any reference to insurance in this case is completely immaterial and you should not consider it; whether or not insurance is involved in this case is not an issue for you to consider. Now, you may proceed, Mr. Cheek."

The case then proceeded without further discussion concerning the mention of insurance in the presence of the jury.

It is clear from the foregoing that at the very beginning of this trial, when it would have been an easy matter to discharge the jury panel and call for another one to try this cause, the plaintiff elected not to request the trial court to do so and in fact requested the court to admonish the jury to disregard the matter of insurance. While it is true, at the conclusion of the trial but before the jury was instructed by the court, the plaintiff requested the court to give the above quoted Requested Instruction Number 9, the next time the plaintiff actually objected to having his cause submitted to this particular jury panel upon the ground that it had been prejudiced against him by insurance having been mentioned was after the jury had returned a verdict in favor of the defendant.

Defendant here urges in effect that there was no "error" committed by the trial court during the trial of the cause, in connection with the mention of insurance, sufficient to authorize the trial court to grant a new trial to plaintiff because the plaintiff failed to move for a mistrial but deliberately chose to submit his cause to the jury. Defendant also urges the doctrine of "invited error" based upon plaintiff's request of the trial court to admonish the jury to disregard the mention of insurance. Upon consideration of the authorities hereinafter cited, we agree with the defendant.

In Walton v. Bennett (1962), Okl., 376 P.2d 240, the Supreme Court stated:

"If it appears that there has been such misconduct in a trial, or prejudicial matter has been allowed to go to the jury, without opportunity to object in advance, the effect of which cannot be removed by an admonition on the part of the court, the aggrieved party may move the court to declare a mistrial, but failing in that, he will be deemed to have taken his chances with the jury."

While it is true that a trial court is vested with broad discretion in granting, or denying, a new trial, see, Hansen v. Cunningham et al. (1955), Okl., 285 P.2d 432, it is also true, as the Supreme Court held in Atchison, Topeka & Santa Fe Ry. Co. v. Marzuola (1966), Okl., 418 P.2d 625, that:

"The discretion vested in a trial court in granting or denying a new trial is a sound legal discretion to be exercised in accordance with recognized principles of law."

It is the duty of the reviewing court, where it determines that the trial court acted arbitrarily, or clearly abused its discretion, or erred in some unmixed question of law, in granting or denying a new trial, to reverse such order. Hansen v. Cunningham, supra.

We have considered the cases cited by the plaintiff in his brief to the general effect that once insurance has been mentioned in the trial of a matter, an "admonition" to the jury to disregard it will not cure the error. Million et al. v. Rahhal et al. (1966), Okl., 417 P.2d 298. But such cases are of no help here where the issue is not whether, in fact, the mention of insurance was such as to have been grounds to declare a mistrial (the Supreme Court has held many times that it is), but the question is whether the failure on the part of counsel to request one is so binding, as a "waiver" of the objection, that the trial court may not thereafter grant a new trial by reason of the incompetent matter.

Perhaps the rule should be, where the aggrieved party fails to timely move for a mistrial, he should not thereafter be heard to complain of any alleged errors that could have been the basis for such a motion unless he could show that he had been actually prejudiced by the admission of the incompetent matter. We do not know and do not here presume to state such a rule. We are of the opinion, however, and therefore hold that in this case, under the evidence and the instructions by

the court, the jury was justified in finding the issues for the defendant and no error prejudicial to the plaintiff is apparent here.

■ We are of the further opinion and therefore hold that it was not error for the trial court to refuse to give plaintiff's Requested Instruction Number 9. We think that if such instruction had been given, in view of the fact the trial court had already orally admonished the jury to not consider insurance as an issue in the cause, the court would have erred. It would have, we think, compounded the difficulty and created an inference that the defendant was in fact insured—an inference which undoubtedly would have been grounds for the defendant to complain had the jury verdict gone against him. The plaintiff, by failing to move for a mistrial at the opportune time, actually brought any "error" the trial court might have committed in refusing his Requested Instruction Number 9 upon himself, and under the doctrine of "invited error", as exemplified in such cases as Cosar et al. v. Bemo (1955), Okl., 282 P.2d 222, would have furnished no justification for him to complain.

We hold that the trial court erred on two unmixed questions of law (that plaintiff's right to a fair trial was prejudiced by the mention of insurance and that the failure to give plaintiff's Requested Instruction Number 9 was error) and that the trial court therefore clearly abused its discretion in granting the plaintiff's motion for a new trial. The judgment of the trial court vacating and setting aside the verdict of the jury and granting plaintiff a new trial is accordingly reversed and the cause is remanded to the trial court with directions to reinstate the verdict of the jury and the judgment for the defendant entered thereon.

DOTY and HAMPTON, JJ., concur.