1997 OK CIV APP 88

**John Basil KATING, as Legal Guardian of Cinde Gist, and on behalf of the Estate of Audrey Mae Kating, deceased,**

**Larry Kating and Jeanne Kating, Individually and as Parents and Natural Guardians of Alex Kating and Drew Kating, minor children, and Surviving Parents of Sarah Kating and Leah Kating, deceased minor children, and**

**Anita Kating, Plaintiffs/Appellants,**

v.

**ONEOK INC., d/b/a Oklahoma Natural Gas Company, Defendant/Appellee,**

**and**

**City of Pryor, ex rel., the Municipal Utility Board of Pryor, a political subdivision of the City of Pryor Creek, Natural Gas Odorizing, Inc., an Oklahoma corporation, Natural Gas Odorizing, Inc., a Texas Corporation, Reliance Gas Regulator Company, American Meter Company, Singer Company, Sprague Meter Company, and Textron, Inc., Defendants.**

No. 89054.

Court of Civil Appeals of Oklahoma, Division No. 1.

Dec. 9, 1997.

Thomas A. Layon, Joseph F. Clark, Jr., Layon, Cronin & Clark, Tulsa, for Plaintiffs/Appellants.

Stuart D. Campbell, Arrington, Kihle, Gaberino & Dunn, Tulsa, for Defendant/Appellee.

JOPLIN, Judge:

¶1 Plaintiff/Appellants John Basil Kating, as Legal Guardian of Cinde Gist, and on behalf of the Estate of Audrey Mae Kating, deceased, Larry Kating and Jeanne Kating, Individually and as Parents and Natural Guardians of Alex Kating and Drew Kating, minor children, and Surviving Parents of Sarah Kating and Leah Kating, deceased minor children, and Anita Kating (by name or collectively, Appellants) seek review of the trial court's order granting summary judgment to Defendant ONEOK Inc., d/b/a Oklahoma Natural Gas Company (ONG) in Appellants' action of negligence/products liability action after a natural gas leak, explosion and house fire. Herein, Appellants assert material facts in controversy concerning whether ONG performed its non-delegable duties in a reasonable and prudent manner as to preclude the grant of summary judgment. We find no such controversy, however, and affirm.

¶2 During the late evening hours of December 31, 1992, an explosion and subsequent fire in the home of Audrey Mae Kating in Pryor Creek, Oklahoma, took Audrey's life and those of her granddaughters Sarah and Leah, while Audrey's son and daughter-in-law, Larry and Jeanne Kating, suffered injuries, as did Larry and Jeanne's surviving children, Alex and Drew, along with a third person, Cinde Gist. The record suggests that a vehicle struck the meter adjacent to the Kating home, damaging the meter and purportedly causing a natural gas leak, and there is also some evidence that Appellants did not detect the smell of gas prior to the explosion.

¶ 3 Appellants subsequently brought the present action against ONG and all other entities involved in the delivery and distribution of natural gas—and equipment involved therein—to the residents of Pryor. ONG moved for summary judgment, asserting its status as a mere wholesale distributor of natural gas under a service contract with the City; and that the contract required ONG to supply natural gas to a point some five miles from the Kating residence (the "gate") with the City thereafter responsible for odorizing the natural gas before retail distribution to the town residents. It is uncontroverted that ONG bore no responsibility for the distribution lines, meters, and regulators utilized to distribute natural gas to the town residents after delivery of the gas at the gate.

¶ 4 The trial court granted summary judgment to ONG. Thereafter, Appellants moved for new trial/reconsideration asserting the trial court granted summary judgment on a "non-issue," the issue now being that once ONG undertook to odorize the natural gas from the point of gathering to the point of sale to Pryor at the gate, ONG remained liable for allegedly defectively odorizing the natural gas which was distributed to the town residents. The trial court denied Appellants' motion, and Appellants appeal.[1]

 ¶ 5 In their motion for new trial, Appellants argued that under the theory of manufacturers product liability, ONG bore strict liability for putting into the stream of commerce a defective product, i.e., unodorized gas, having undertaken to odorize the gas prior to selling the gas to Pryor. In support thereof, Appellants cited Section 402A of the Restatement of Torts (Second) which provides:

(1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property if

(a) the seller is engaged in the business of selling such a product, and

(b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.

(2) The rule stated in Subsection (1) applies although

(a) the seller has exercised all possible care in the preparation and sale of his product, and

(b) the user or consumer has not bought the product from or entered into any contractual relation with the seller.

See also, e.g., Tansy v. Dacomed Corp., 1994 OK 146, 890 P.2d 881 (Oklahoma follows § 402A analysis); Kirkland v. General Motors Corporation, 1974 OK 52, 521 P.2d 1353 (Oklahoma adopts cause of action under § 402A). Appellants then state two allegedly "undeniable" facts: (1) ONG is responsible for odorizing the gas which was not substantially changed from the time ONG sold the gas to Pryor at the gate and the time the gas reached the town residents; and (2) the gas which reached the town residents was inadequately odorized.

¶ 6 While federal regulations require some odorization by ONG of its natural gas distributed and sold wholesale to various towns,[2] there is nothing in the record to suggest ONG had any responsibility to odorize the gas past the point of sale to Pryor at the gate or expected the gas to reach the consumer without proper odorization. On the contrary, the service contract between ONG and Pryor specifically required Pryor to odorize the gas after delivery at the gate and prior to consumption by the town residents. That ONG had initially odorized the gas is immaterial, and whether Pryor breached its contractual duty to odorize the gas is not at issue here. Stated otherwise, under § 402A, ONG as wholesale supplier of natural gas to Pryor, as local retailer, had expected the gas to be changed (odorized) prior to delivery to the consumer.

 ¶ 7 Finally, assuming arguendo ONG was somehow negligent in odorizing its

---

1. This appeal stands submitted for accelerated appellate review on the trial court record under Rule 1.36, Oklahoma Supreme Court Rules, 12 O.S.Supp.1997, Ch. 15, App.

2. See 49 C.F.R. § 192.625.

gas pursuant to federal regulations prior to delivery to Pryor at the gate, such alleged negligence, under the facts of this case, could not in fact or in law be the proximate cause of the explosion. Rather, the issue of negligence must address the conduct of Pryor in odorizing or failing to odorize the gas after delivery by ONG; possible negligent manufacture, installation, and/or maintenance of the various equipment employed to deliver the gas from the gate to the consumer; and a possibly damaged meter at the Kating residence—any or all of which would operate as independent, intervening causes superseding any alleged negligence on the part of ONG.

¶8 Finally, we find no merit in the argument that ONG had a "non-delegable" duty to odorize the natural gas after turning physical control of the gas over to Pryor as this assumes, contrary to the facts of this case, that ONG had any duty to odorize the gas past the gate at Pryor and up to and within the residences of the ultimate consumers.

¶9 A motion for new trial is addressed to the sound discretion of the trial court and is to be applied in accordance with recognized principles of law. Absent error as to a pure question of law, or arbitrary or capricious action, we must indulge the presumption in favor of trial court's ruling. *See, e.g., Bennett v. Hall,* 1967 OK 122, 431 P.2d 339. We have reviewed the record in the present case and cannot say the trial court's order denying Appellants' motion for new trial was contrary to law, or arbitrary or capricious. Accordingly, we cannot say the trial court erred in granting judgment as a matter of law to ONG.

¶10 The order of the trial court denying Appellants' motion to reconsider after granting summary judgment to ONG is therefore AFFIRMED.

BUETTNER, J., concurs.

HANSEN, P.J., concurs in result.