1999 OK CIV APP 26

John Basil KATING, as legal guardian of Cinde Gist, and on behalf of the Estate of Audrey Mae Kating, deceased; Larry Kating and Jeanne Kating, individually and as parents and natural guardians of Alex Kating and Drew Kating, minor children, and surviving parents of Sarah Kating and Leah Kating, deceased minor children, and, Anita Kating, Appellants,

v.

CITY OF PRYOR ex rel. The MUNICIPAL UTILITY BOARD OF PRYOR, a political subdivision of the City of Pryor Creek, Appellee,

and

Natural Gas Odorizing, Inc., an Oklahoma corporation; and, Natural Gas Odorizing, Inc., a Texas corporation, Defendants.

No. 91,651.

Court of Civil Appeals of Oklahoma, Division No. 4.

Dec. 8, 1998.

Certiorari Denied Feb. 18, 1999.

Thomas A. Layon, Joseph F. Clark, Jr., Layon, Cronin & Clark, Tulsa, Oklahoma, For Appellants.

Matthew L. Wheatley, John E. Wheatley, Wheatley & Wheatley, L.L.C., Yukon, Oklahoma, For Appellee City.

Oliver S. Howard, Dennis Cameron, Gable, Gotwals, Mock & Schwabe, Tulsa, Oklahoma, W. Michael Shinkle, Davenport, Iowa, David Shinkle, Des Moines, Iowa, For Defendants Natural Gas Odorizing, Inc.

*OPINION*

STUBBLEFIELD, P.J.

¶ 1 This is an appeal from the grant of summary judgment in favor of defendant city in a negligence action arising from a gas explosion in a private dwelling.[1] The appeal was assigned to the accelerated docket pursuant to Oklahoma Supreme Court Rule 1.36, 12 O.S. Supp.1997, ch. 15, app. 1.[2] After a review of the record on appeal and applicable law, we reverse.

¶ 2 Plaintiffs John Basil Kating and Larry and Jeanne Kating commenced this action in 1993 after an explosion and house fire on December 31, 1992, had killed or injured several members of their families. Plaintiff John Kating brought an action as the administrator of the estate of his deceased mother, Audrey Mae Kating, who was killed in the explosion. He also brought an action as guardian of Cinde Gist—a mentally and physically incapacitated adult who had been in the custody of her guardian grandmother, Audrey Mae Kating—for injuries received as a result of the explosion and fire. Plaintiffs Larry Kating and Jeanne Kating brought an action in their own names and on behalf of their minor children Sarah Kating and Leah Kating, who were killed, and Alex Kating and Drew Kating, who were injured in the explosion and fire.

¶ 3 Plaintiffs sought recovery for the injuries, deaths and property damage caused by the negligence and/or defective products of Defendants City of Pryor Creek; ONEOK, Inc., d/b/a Oklahoma Natural Gas Company[3]; Natural Gas Odorizing, Inc.; and, Reliance Gas Regulator Company.[4]

¶ 4 City sought summary judgment, asserting that the only claim or theory Plaintiffs made against it is one of negligence— that City "somehow caused a leak in the underground piping to the house which in turn somehow caused this accident." How-

ever, City claimed that uncontroverted evidence indicated there were no leaks in the piping that could have caused the accident. City submitted the affidavit of an engineer who had pressure tested the regulator, meter and piping that directly supplied gas to the destroyed house. The engineer reported at most a totally negligible drop of pressure indicating a leak incapable of causing the explosion. Citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), City asserted that it did not have to prove non-liability but needed only to show that Plaintiffs had failed to make a showing sufficient to establish the existence of an element essential to their case.

¶ 5 Plaintiffs contended that it was abundantly clear that natural gas supplied by City caused the explosion. It responded that City's expert testimony was not dispositive of the issue of City's negligence because, under the circumstances of the explosion, gas could have migrated under the frozen topsoil for some distance and City only checked the immediate gas line. Indeed, Plaintiffs pointed to considerable evidence tending to show that there was no odorant smell in the household immediately prior to the explosion as indicating that the gas did migrate through soil which filtered out the odorant.

¶ 6 Plaintiffs submitted deposition testimony of Audrey Kating's neighbors, a husband and wife, the substance of which indicated (1) the husband had been in the house earlier in the evening of the explosion and smelled no gas odor; (2) they had called City twice "around Christmas" (approximately a week before the explosion) to complain after smelling gas in the alleyway behind their house and adjacent to the Kating home; and, (3) they did not know whether City had found the source of the gas when its employees "drove through" to check on the gas.

¶ 7 The trial court granted summary judgment in favor of City and subsequently

---

1. The trial court entered a finding pursuant to 12 O.S. Supp.1997 § 994(A), rendering the matter appropriate for appeal.

2. Appellants' application to supplement the appellate record is sustained.

3. Summary judgment in favor of ONEOK, Inc., was affirmed on appeal. *Kating v. ONEOK, Inc.,* 1997 OK CIV APP 88, 953 P.2d 66.

4. We are told in the transcript of the hearing on the motion for new trial or reconsideration that Plaintiffs had "voluntarily confessed the motion for summary judgment on behalf of the regulator manufacturers." These defendants include Reliance Gas Regulator Company; American Meter Company; Singer Company; Sprague Meter Company; and, Textron, Inc.

denied Plaintiffs' motion for new trial. Plaintiffs appeal.

■ ¶ 8 We first note that the federal summary judgment standards established in *Celotex*—a case cited by City—and other related federal cases are not specifically applicable in Oklahoma appellate review of summary judgments. *See, Weldon v. Dunn,* 1998 OK 80, ¶ 22, 962 P.2d 1273, 1283 (Opala, J., dissenting).[5] The court in *Hutchins v. Silicone Specialties, Inc.,* 1993 OK 70, ¶ 13, 881 P.2d 64, 66, citing *Erwin v. Frazier,* 1989 OK 95, 786 P.2d 61, and District Court Rule 13(e), 12 O.S. Supp.1997, ch. 2, app., stated the appropriate Oklahoma standard of review:

> The court should render summary judgment when there is no substantial controversy as to any material fact, and one of the parties is entitled to judgment as a matter of law. The court must also find that reasonable people could not reach different conclusions on the undisputed facts. All inferences to be drawn from the undisputed facts must be viewed in the light most favorable to the party opposing the motion. Nevertheless, the mere contention that facts exist, or might exist, to create a fact question is insufficient. (Citation omitted.)

Where an appellate court is presented with facts that were presented to the trial court by stipulation, depositions and other documentary materials, it is free to substitute its analysis of the record for that of the trial court. *Chimney Rock Ltd. Partnership v. Hongkong Bank of Canada,* 1993 OK CIV APP 94, ¶ 7, 857 P.2d 84, 87, *cert. denied.*

■ ¶ 9 Herein, the claim of Plaintiffs is that City negligently maintained its gas supply piping system, resulting in an underground gas leak and migration of gas through soil—which filtered out the odorant—into the Kating house leading to the catastrophic explosion and deaths and injuries. There was testimony that leaks in the vicinity had been reported in the days immediately prior to the explosion. The characterization of the inspection of responding city workers as "driving through" could be interpreted as a criticism of an inadequate response to the report of gas leaks.

¶ 10 Plaintiffs' theory is that gas migrated under the frozen topsoil. Some evidence supports this contention, including that the ground was frozen and members of the household and a visiting neighbor absolutely detected no odor of gas immediately prior to the explosion. This latter fact would tend to discount the probability of a leak in a gas heating stove causing the explosion, as claimed by City. Any gas from such a leak should have contained odorant and the odorized gas would have been discovered prior to such an accumulation of gas as would be necessary to cause the catastrophic explosion.

■ ¶ 11 We have carefully reviewed the proffered evidentiary materials and conclude that substantial disputes of material fact still exist. We may not weigh the evidence at this stage of the proceedings but must look at it in the light most favorable to Plaintiffs—the parties opposing the summary judgment motion. We conclude, based on the evidence so far submitted, that reasonable men might conclude that the explosion was the result of City's negligence in maintaining its gas distribution system. In the latter regard, Plaintiffs correctly point out that City must be held to the highest degree of care in handling the dangerous commodity of natural gas. *Oklahoma Natural Gas Co. v. Colvert,* 1953 OK 193, 260 P.2d 1076.

¶ 12 Therefore, we find that the trial court erred in granting summary judgment to City. Accordingly, that judgment is reversed and the cause remanded for further proceedings.

¶ 13 REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.

REIF, J., and RAPP, J., concur.

---

5. Likewise, *Celotex* was not followed on state law grounds in other jurisdictions. *See, e.g., Berner v. Caldwell,* 543 So.2d 686, 687–88 (Ala.1989); *Biljac Assoc. v. First Interstate Bank,* 218 Cal.App.3d 1410, 267 Cal.Rptr. 819, 825 (1990); *Jarboe v.* *Landmark Community Newspapers of Indiana, Inc.,* 644 N.E.2d 118, 123 (Ind.1994); *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.,* 807 S.W.2d 476, 479–80 (Ky.1991); *Lesbrookton, Inc. v. Jackson,* 796 S.W.2d 276, 286 (Tex.App.1990).